Beisel v. Artman.

---

RACHEL BEISEL, APPELLANT, v. W. R. ARTMAN AND OTHERS, APPELLEES.

1. **Mortgage Foreclosure:** CONSTRUCTION OF SEC. 857 OF THE CIVIL CODE. Sec. 857 of the code of civil procedure has no application in an action for the foreclosure of a mortgage, when the whole amount of the debt secured is due, but only to cases brought under sec. 856 for interest, or a portion of the principal that has matured, and when there are other portions still to become due.

2. ———: ———. This section was not intended as authority to the court for relieving a party from a forfeiture, or from the consequences of a failure to perform his engagements voluntarily assumed.

APPEAL from Cuming county. It was an action for the foreclosure of a mortgage on a petition filed in the district court by the appellant April 1, 1879. The mortgage debt is evidenced by a promissory note for $1,000, dated July 1, 1876, payable in five years after date, and bearing interest from date at 10 per cent, interest payable annually. The mortgage had a condition therein, that "if any interest thereon is not paid when the same is due, in that case the *whole of said sum and interest* shall and by this indenture does immediately become due and payable, or if the taxes * * * which are assessed or levied against said premises are not paid at the time when the same are by law made due and payable, then in

like manner the *whole of said sum* shall immediately become due and payable."

The interest that was due July 1, 1878, was not paid, nor were the taxes for the year 1877 (which were delinquent May 1, 1878) paid, and the said several defaults were the grounds alleged for the foreclosure of said mortgage.

A decree of foreclosure in conformity to the prayer of the petition was, at an adjourned term of the April term, 1879, rendered on default; and afterward, at the same term, at the request of the defendants, the court, BARNES, J., modified the said decree, staying the proceedings thereof, upon the defendants paying the amount due on the note and mortgage with costs, until further order of the court upon subsequent default in the payment of any portion or installment of the principal or interest thereafter to become due. From this modification of the decree plaintiff appealed.

*Uriah Bruner*, for appellant, cited Jones on Mortgages, 1177–1181. *Bennet v. Stevenson*, 53 N. Y., 508. *Pope v. Durant*, 26 Iowa, 239. *O'Connor v. Shipman*, 48 How. Pr., 126.

*J. C. Crawford*, for appellees.

LAKE, J.

It is evident that the district court, in staying or modifying its decree of foreclosure, misapprehended the object and scope of sec. 857 of the code of civil procedure, which provides that: "If after a decree for sale entered against a defendant in such case" (a case of foreclosure simply for interest, or a portion of the principal that has become due), "he shall bring into court the principal and interest due, with costs, the proceedings in the suit shall be stayed, but the

court shall enter a decree of foreclosure and sale, to be enforced by a further order of the court, upon a subsequent default in the payment of any portion or installment of the principal, or any interest thereafter to become due." [Gen. Stat., 657.] A moment's reflection will show that this statute has no application to the case under consideration, in which, as the petition alleges, and the defendants by their default admit, the whole amount of the debt secured by the mortgage was due, in consequence of the failure to pay the interest and taxes as stipulated therein.

This provision reaches only those cases brought under sec. 856, where foreclosure is sought for a part of the mortgage debt or interest that has matured, and there are other portions still to become due, and for which further provision may be required. It was not intended as an authority to the court for relieving a party from a forfeiture, or from the consequences of a failure to perform his engagements voluntarily assumed. As required by the admitted facts of the petition, the court, in entering its first decree, found that the *whole* amount of the debt remaining unpaid was then due. It matters not that it became due in consequence of the failure of the mortgagor to meet the annual interest as it matured, and to pay the taxes assessed against mortgaged premises, as he had agreed. If it were due it was the right of the creditor to have payment, and the duty of the court to enforce it by the usual mode.

The so-called modification or stay of the original decree, entered July 1, 1879, is therefore reversed and held for nought, and the cause is remanded to the court below, with direction to proceed with the enforcement of said original decree, which is in all things affirmed.

JUDGMENT ACCORDINGLY.