ALFRED E. HARGREAVES, APPELLEE, V. HENRY MENKEN ET AL., APPELLANTS.

FILED JUNE 22, 1895.    No. 6314.

1. **Mortgages:** DURESS: DISMISSAL OF CRIMINAL PROCEEDINGS. A mortgage given to secure a debt will not be set aside as obtained by duress on the ground that it was given to obtain a dismissal of criminal proceedings, instituted by the creditor against the mortgagor, where the mortgage was given without threats or promises having been made to the mortgagor, and after a statement by the creditor's agent that no promise could be made, but, on the contrary, the prosecution would have to take its course.

2. **Executions:** TITLE OF PURCHASER. A purchaser at execution sale of land takes only the interest of the judgment debtor at the time the judgment became a lien on the land; and a deed or mortgage unrecorded at that time is superior to the title of such purchaser, at least if it be recorded before the sale.

3. **Mortgages:** JUDGMENT AT LAW FOR DEBT: FORECLOSURE. Where judgment has been obtained at law on the debt secured by a mortgage, no action to foreclose can be brought until an execution has been issued on the judgment and returned unsatisfied. The return of an attachment pending the action is not sufficient.

4. ———: FORECLOSURE: GARNISHMENT. The pendency of proceedings against garnishees, upon a judgment for the debt, stays foreclosure.

5. ———: ———: PROCEEDINGS AT LAW. To prevent foreclosure it is not necessary that proceedings at law should have been instituted upon the notes secured by the mortgage. It is sufficient if the proceedings are to recover the same debt.

APPEAL from the district court of Johnson county. Heard below before BABCOCK, J.

*J. Hall Hitchcock, T. Appelget,* and *E. H. Wooley,* for appellants.

*Cornish & Lamb, contra.*

IRVINE, C.

Hargreaves began this action against Menken and wife, Herman and wife, and J. H. Shepherd to foreclose a mortgage made by the Menkens to Hargreaves to secure the payment of a note for $316. Shepherd admitted the allegations of the petition, and by cross-petition asked a foreclosure of the same mortgage, alleging that it also secured a note of $220 in favor of Shepherd. The Menkens answered both the petition and cross-petition, alleging that the mortgaged premises had been their homestead, and that the notes and mortgage were procured from them by duress, in that at the time Menken was wrongfully deprived of his liberty at the instance of Hargreaves and Shepherd, and that the mortgage was induced by reason of such imprisonment. Herman answered, setting up title in himself under an execution and sale of the property by virtue of certain judgments against Menken. Herman also averred that the mortgage of Hargreaves and Shepherd was withheld from record in fraud of his rights, and still further, that certain proceedings at law were pending to recover the debt secured by the mortgage. There was a decree for the plaintiff and the defendant Shepherd foreclosing the mortgage, and the Menkens and the Hermans appeal.

On the question of duress the evidence is conflicting. It appears that a firm of which Menken was a member was indebted to Hargreaves Bros., a firm of which Hargreaves was a member; that Menken's firm had made some trans-

fer of its property, and that an attorney for Hargreaves
was endeavoring to collect the debt. While these matters
were in progress, Hargreaves made a complaint against
Menken, charging him with obtaining goods under false
pretenses. Menken was arrested and released on his own
recognizance. Thereafter, and while the prosecution was
pending, he and his wife executed the notes and mortgage,
and soon thereafter the prosecution was dismissed, the
docket showing because no one appeared for the state.
Menken testifies that Hargreaves' attorney told him he
would send him to the penitentiary unless he "fixed the
matter up," and that if he would secure the debt he would
be released. The attorney in question testified that he made
no promises or threats; that Menken came to him without
previous solicitation and desired to secure the debt, stating
as a reason therefor that he wished Hargreaves, when se-
cured, to proceed against other persons who Menken thought
had caused him trouble, and dealt unfairly with him.
The attorney also testifies that Menken asked him what
would become of the prosecution, and that the attorney an-
swered that he could make no promises, that it was a crimi-
nal case and would have to take its course. There is evi-
dence corroborating the testimony of the attorney. If this
testimony is true, then it is very clear that the mortgage
was not obtained by duress. The finding of the trial court
was, therefore, in this particular justified by the evidence.
Nor can Herman claim anything by reason of the with-
holding of the mortgage from record. The mortgage was
made May 9, 1890, and was recorded January 8, 1891.
None of the judgments under which the land was sold be-
came a lien thereon until September, 1890. The execu-
tions were not issued until January 20, 1891; the sale took
place March 7, 1891. A purchaser at execution sale of
land takes only the interest of the judgment debtor at the
time the judgment became a lien on the land, and a deed or
mortgage then unrecorded is to be preferred as against the

title of a purchaser at the execution sale, at least if it be recorded before the sale. (*Mansfield v. Gregory,* 8 Neb., 432, 11 Neb., 297; *Harral v. Gray,* 10 Neb., 186; *Reynolds v. Cobb,* 15 Neb., 378; *Westheimer v. Reed,* 15 Neb., 662.)

The remaining point made is that there were proceedings at law pending which constituted a defense to this action. The petition and Shepherd's cross-petition both allege that no proceedings had been instituted to recover the amount of the indebtedness. Herman's answer alleges that certain proceedings had been instituted and judgment recovered upon the debt. We will not set out this averment at length, but simply say that it was substantially according to the proof made, which disclosed that prior to the execution of the mortgage both Hargreaves Bros. and Shepherd had instituted actions at law to recover the same debts. Judgments were rendered in favor of plaintiffs in these actions in April, 1890. Certain persons were garnished, and their answers not being satisfactory, Hargreaves Bros. brought suit against the garnishees, and the latter action was pending when the suit was brought to foreclose the mortgage. Section 848 of the Code provides that "after such petition shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court." Section 850 requires that "upon filing a petition for the foreclosure or satisfaction of a mortgage, the complainant shall state therein whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof, and whether such debt, or any part thereof, has been collected and paid." Section 851 provides that "if it appear that any judgment has been obtained in a suit at law for the money demanded by such petition, or any part thereof, no proceedings shall be had in such case, unless, to an execution against the property of the defendant in such judgment, the sheriff or other proper officer shall have returned that

the execution is unsatisfied in whole or in part, and that the defendant has no property whereof to satisfy such execution except the mortgaged premises." The manifest object of these provisions is to prevent the prosecution of proceedings at law to recover the debt concurrently with proceedings to foreclose the mortgage. Other provisions exist whereby in the foreclosure case personal remedies may be availed of, and the statute should be so construed as to prevent the mischief which the legislature had in view. In neither of the personal actions does the record disclose that an execution had been issued upon the judgment and returned unsatisfied. It does appear that writs of attachment were issued, but because an attachment was returned unsatisfied at the commencement of the suit, it does not follow that an execution after judgment would be ineffectual, and to show the issuing of an attachment, and its return unsatisfied, does not satisfy the requirement of section 851, that an execution must be so returned before a foreclosure case can proceed. Moreover, we think that the proceedings against the garnishees pending at the time this suit was brought were a bar to this action. The language of the Code is very general. No foreclosures can be had where any proceedings at law have been instituted until their final termination. The suit against the garnishees was an action to recover the debt secured by the mortgage, and while it was pending this suit could not be brought. Appellees seek to avoid this result on the ground that the notes to secure which the mortgage was made were executed after the judgments were recovered, and that, therefore, these judgments were not upon the debt secured by the mortgage. This argument is not sound. The notes were only evidence of the debt. It is admitted that they were given for the same debt upon which judgment was recovered, and changing the form of the debt or its evidence did not render it any less the same debt.

It is argued that Herman cannot avail himself of the

proceedings at law against Menken to defeat foreclosure. We can see no distinction against Herman.  On the other hand, if there were any distinction it would be in his favor. As between Herman and Menken, Menken was the debtor, and that would be all the more reason for requiring plaintiff to exhaust his remedy against Menken.

Because of the proceedings at law, the judgment of the district court must be reversed, and the cause dismissed, without prejudice, however, to the institution of another action in case the·facts hereafter warrant.

REVERSED AND DISMISSED.