LOUISA J. BING ET AL. V. E. C. MORSE ET AL., ADMINISTRATORS.

FILED JUNE 3, 1897. No. 7261.

Mortgage Foreclosure: PLEADING. Whether any proceeding at law has been had for the recovery of a real estate mortgage debt, or any part thereof, and whether such debt, or any part of it, has been paid, are essential facts which must be averred in the petition filed to foreclose such mortgage, and unless such petition contains such averments it will not state facts sufficient to entitle the plaintiff to the relief he demands.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed and dismissed.*

*Harwood, Ames & Pettis,* for plaintiffs in error.

*B. F. Johnson, contra.*

RAGAN, C.

In the district court of Lancaster county was filed a petition for the foreclosure of a real estate mortgage. The petition did not allege whether any proceedings had been had at law for the recovery of the debt secured by the mortgage, or any part thereof, nor whether said debt, or any part of the same, had been paid. The defendants submitted a general demurrer to the petition which the court overruled. The defendants refused to plead further, suffered a decree, and have filed a petition in error.

The sole question presented is the sufficiency of the petition to support the decree. Section 850 of the Code of Civil Procedure provides: "Upon filing a petition for the foreclosure or satisfaction of a mortgage the complainant shall state therein whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof, and whether said debt, or any part thereof, has been collected and paid." And section 851 provides: "If it appear that any judgment has been obtained in a suit at law for the money demanded by such petition, or any part thereof, no proceedings shall be had in such case, unless, to an execution against the property of the defendant in such judgment, the sheriff, or other proper officer shall have returned that the execution is unsatisfied in whole or in part, and that the defendant has no property whereof to satisfy such execution except the mortgaged premises." At common law a real estate mortgagee might bring an action at law to recover the debt secured by his mortgage and at the same time bring a suit in chancery to foreclose the mortgage and an action in ejectment for the possession of the mortgaged premises. It is probable that the statute quoted above was enacted to prevent a real estate

mortgagee from pursuing all these remedies simultane-
ously. A statute of New York similar to the provisions
of our Code, just quoted, was construed in 1834 in *Patti-
son v. Powers*, 4 Paige Ch., 549, and it was there said:
"The complainant in a bill of foreclosure should aver,
or state in the terms of the statute, that no proceedings
have been had at law for the recovery of the debt secured
by the mortgage, or any part thereof; or, if proceedings
at law have been instituted, the bill should state what
such proceedings were and against whom instituted; and
it should also show that such proceedings at law had
been discontinued, or that the complainant's remedy at
law had been exhausted by the return of the execution
unsatisfied for want of property whereon to levy." The
New York statute was again considered in *North River
Bank v. Rogers*, 8 Paige Ch., 647, and the court said: "The
complainant, therefore, is bound to state in his bill
whether any proceedings have been had at law to recover
the debt secured by the mortgage or the defendant may
demur to the bill for that cause; and if the complainant,
in making the statement required by the statute, shows
that a judgment has been recovered at law for the debt
secured by the mortgage, or any part thereof, his bill will
still be subject to demurrer, unless he goes further, and
shows that he has exhausted his remedy at law upon
such judgment by the return of an execution against the
property of the defendant therein unsatisfied." To the
same effect see *Shufelt v. Shufelt*, 9 Paige Ch. [N. Y.], 137.
The statute of Michigan is similar to the New York stat-
utes and to ours, and in 1844 the statute was considered
in *Dennis v. Hemingway*, Walker's Ch. [Mich.], 387, and
the court said: "No proceeding can be had on a bill for
the foreclosure of a mortgage if it appear that any judg-
ment has been obtained in a suit at law for the recovery
of the debt secured thereby, or any part thereof, unless
to an execution against the property of the defendant in
such judgment the sheriff shall have returned the execu-
tion unsatisfied in whole or in part, and that the defend-

ant has no property to satisfy the execution except the mortgaged premises." To the same effect see *Cooper v. Bresler*, 9 Mich., 533. The sections of the Code quoted were considered by this court in *Gregory v. Hartley*, 6 Neb., 356, and it was there said: "In an action to foreclose a mortgage the petition must state whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof, and whether such debt, or any part thereof, has been collected and paid." This was recognized as the correct construction of the statute in *Dimick v. Grand Island Banking Co.*, 37 Neb., 394, and in *Meehan v. First Nat. Bank*, 44 Neb., 213. *Hargreaves v. Menken*, 45 Neb., 668, was a suit brought by Hargreaves to foreclose a real estate mortgage. The petition alleged that no proceedings at law had been instituted to recover the mortgage debt; but it appeared from the proofs that suit at law had been brought to recover the mortgage debt and the same reduced to judgment, and that no execution had been returned unsatisfied in whole or in part. The court, speaking through IRVINE, C., after quoting the sections of the Code just mentioned, declared that the manifest intention of these provisions of the Code was to prevent the prosecution of proceedings at law to recover a debt concurrently with proceedings to foreclose a mortgage securing the same; and the decree rendered in the action was reversed and Hargreaves' suit dismissed.

It is insisted by defendants in error that the petition states a cause of action, and that, as the only question made by the demurrer to it was that it did not, the demurrer was properly overruled. The argument of defendants in error is that their cause of action is the mortgagor's failure to perform his contract,—pay the debt secured by said mortgage when it matured. In a certain sense this argument is correct. But for the statute, the breach of the mortgagor's contract constituted the mortgagee's cause of action against him. But the legislature has seen fit to enact that if a

judgment has been obtained in a suit at law for money secured by a real estate mortgage, or for any part thereof, the courts shall then not be authorized to entertain a suit to foreclose such mortgage, unless an execution has been issued upon the judgment at law and returned unsatisfied in whole or in part, and containing the certificate of the officer returning such execution, that the judgment defendant has no property except the mortgaged premises out of which to satisfy such execution. Whether a proceeding at law has been had for the recovery of the mortgage debt, or any part thereof, and whether such a debt, or any part of it, has been paid, are essential facts which must be pleaded in order to invest the mortgagee of a real estate mortgage with the right to invoke a court of equity to foreclose such mortgage. The petition filed, then, for the foreclosure of a real estate mortgage must aver the facts required by section 850 of the Code or the petition will not state facts sufficient to entitle the plaintiff to the relief he demands. The decree of the district court is reversed and the action dismissed, without prejudice, however.

REVERSED AND DISMISSED.