MARY A. JONES, APPELLEE, V. ELIZABETH BURTIS ET AL.,
APPELLANTS.

FILED FEBRUARY 9, 1899. No. 8699.

Foreclosure: ALLEGATION OF NO PROCEEDINGS AT LAW NECESSARY.
In a suit to foreclose a real estate mortgage the petition must
allege whether any proceedings at law have been had for the re-
covery of the debt, or any part thereof; and where the answer is
a general denial, there can be no recovery, in the absence of
proof sustaining such allegation of the petition.

APPEAL from the district court of Lancaster county.
Heard below before HOLMES, J. *Reversed.*

*Clark & Allen*, for appellants.

References: *Gregory v. Hartley*, 6 Neb. 356; *Mechan v.
First Nat. Bank of Fairfield*, 44 Neb. 213; *Hargreaves v.
Menken*, 45 Neb. 668; *Bing v. Morse*, 51 Neb. 842; *Shufelt
v. Shufelt*, 9 Paige [N. Y.] 47; *Cooper v. Bresler*, 9 Mich.
533; *Scofield v. Doscher*, 72 N. Y. 492.

*Flansburg & Williams*, contra.

References: *Henry & Coalsworth Co. v. McCurdy*, 36 Neb.
863; *Mundy v. Whittemore*, 15 Neb. 647.

NORVAL, J.

The action was to foreclose a real estate mortgage.
Plaintiff obtained a decree, and the mortgagors appeal
therefrom, claiming that the findings are unsupported
by the evidence. The petition contains, *inter alia*, the
averment that no proceedings at law have been had for
the recovery of the debt secured by the mortgage, or any
part thereof. The answer was a denial of each and every
allegation in the petition contained. On the trial plain-
tiff introduced as evidence the note and mortgage in
question, and rested. No other or further evidence was
adduced in the case by either party. The question,

therefore, is presented whether it was incumbent on the plaintiff and appellee to establish on the trial the averment of the petition heretofore mentioned.

Section 850 of the Code of Civil Procedure is in the language following: "Upon filing a petition for the foreclosure or satisfaction of a mortgage, the complaint shall state therein whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof, and whether such debt, or any part thereof, has been collected and paid." It is conceded by counsel for plaintiff, and there is no room to doubt that the statute so requires, that a petition to foreclose a mortgage on real estate must contain the averment called for by the section just quoted, and a petition which omits such allegation is demurrable. (*Gregory v. Hartley*, 6 Neb. 356; *Meehan v. First Nat. Bank of Fairfield*, 44 Neb. 213; *Hargreaves v. Menken*, 45 Neb. 668; *Bing v. Morse*, 51 Neb. 842.) In the case last cited it was said: "Whether a proceeding at law has been had for the recovery of a mortgage debt, or any part thereof, and whether such a debt, or any part of it, has been paid, are essential facts which must be pleaded in order to invest the mortgagee of a real estate mortgage with the right to invoke a court of equity to foreclose such mortgage. The petition filed, then, for the foreclosure of a real estate mortgage must aver the facts required by section 850 of the Code, or the petition will not state facts sufficient to entitle the plaintiff to the relief he demands." The object or purpose of the statute was to prevent the prosecution of an action at law and a suit in equity at the same time to collect the mortgage debt, and the legislature has required that the plaintiff in a petition to foreclose a real estate mortgage shall, by suitable averments therein, advise the court whether an action at law is pending to enforce the collection of the same debt. This being a material and indispensable allegation in a petition of foreclosure, if the same is denied by the answer, no relief can be granted in the absence of proof of the truthfulness of

such averment. ' Ordinarily, a pleader is not required to prove a negative allegation, but this rule does not obtain where the facts are within his own knowledge. No one can be better advised than the mortgagee whether any action at law is pending to recover the mortgage debt. A suit, aided by attachment, might be instituted against a non-resident mortgagor to collect the debt without the latter's knowledge. The plaintiff in this case, by reason of the general denial in the answer, was required to establish, by competent evidence, each material averment of the petition, including the one that no action at law was pending to enforce the payment of the debt secured by the mortgage. In the absence of such proof the decree cannot stand.

REVERSED.