MICHAEL H. MCCARTHY, APPELLEE, V. EDMOND H. BENEDICT
ET AL., APPELLANTS.

FILED MAY 23, 1911.   No. 16,421.

1. **Mortgages: FORECLOSURE: MATURITY OF DEBT.** A provision in a
mortgage given to secure a promissory note stipulating for the
payment of interest semiannually, and that, if the interest is not
paid when the same is due, the whole of the debt and interest
shall immediately become due and payable and the mortgage may
be foreclosed, is permissive merely, and the entire debt will
not become due unless the mortgagee elect so to declare by in-
stituting an action on the note or to foreclose. See *Lowenstein
v. Phelan*, 17 Neb. 429.

2. **Judgment: VALIDITY.** A decree quieting title and canceling a mort-
gage, as barred by the statute of limitations, before the expira-
tion of 10 years after maturity of the debt secured by it, would be
erroneous, at least, and, if jurisdiction over the owner of the note
and mortgage were not acquired, would be void. Whether the
taking of an appeal from such decree would be such an appear-
ance as to confer jurisdiction, provided the petition stated a
cause of action, is not decided.

3. ———: ———: **CONCLUSIVENESS.** Assuming that the petition in
such case stated a cause of action, and that jurisdiction over the
persons of the defendants in the suit was acquired, such decree
would not be binding upon the then holder of the note and mort-
gage, unless he were made a party to the suit and jurisdiction
obtained over him. In such case he would not be precluded from
bringing an action within the statutory period of limitations to
foreclose his mortgage.

4. ———: ———: **BURDEN OF PROOF.** Where such action is brought
and proceeds to a decree and issuance of an order of sale, and
the sale is enjoined by the owner of the fee, basing his action
upon the decree quieting his title and canceling the mortgage, it
is incumbent upon him to allege and prove that in such suit the
then holder of the note and mortgage was a party defendant over
whom jurisdiction was obtained.

APPEAL from the district court for Holt county: WIL-
LIAM H. WESTOVER, JUDGE. *Reversed with directions.*

*E. H. Benedict* and *Flansburg & Williams*, for appellants.

*M. F. Harrington, contra.*

REESE, C. J.

This is an action to enjoin the sale of real estate under a decree foreclosing a mortgage. From a rather imperfect record before us, it is made to appear that on September 25, 1888, one Searl, the then owner of the real estate involved, executed a mortgage to the Nebraska Mortgage & Investment Company to secure a debt for $800 due October 1, 1893. The interest was payable semiannually. The mortgage contains a clause that, if there was a default in the payment of interest as it accrued, the debt should thereby be matured. The interest due March 1, 1890, was not paid, and no further payment of interest has been made. The mortgage was duly recorded on the 27th day of September, 1888. Through mesne conveyances plaintiff became the owner of the legal title to the property on the 5th day of May, 1902. On th 20th day of September, of the same year, he conveyed the property to Edwin S. Eves by warranty deed, but the conveyance was only in trust to enable Eves to make some kind of a trade for plaintiff. There was nothing placed of record to show the trust character of the conveyance, nor the interest retained by plaintiff. On the 1st day of November, of the same year, Eves reconveyed the land to plaintiff by warranty deed, but the deed was never recorded, and was finally lost. On the 21st day of December, 1906, Eves and wife executed to plaintiff a quitclaim deed, which was recorded on the 9th day of February, 1907. We are unable to find any direct proof that the deed from plaintiff to Eves was recorded, but from various recitals contained in the record we assume that it was. It was stipulated upon the trial in the district court that "plaintiff never took the actual possession of said land, except that between four and five

years ago he rented it one season to a Mr. Friend, so that he might cut hay thereon, and outside of that the actual (only?) possession the plaintiff has had of the land would be constructive possession by reason of his ownership." On the 7th day of May, 1902, plaintiff commenced a suit in the district court for Holt county to quiet his title as against said mortgage, alleging that, by the failure to pay the interest as it became due the mortgage debt was matured and became due and payable on the 1st day of May, 1890; that the 10 years' statute of limitations had elapsed, and the mortgage was no longer a lien, but remained a cloud upon his title. The parties named as defendants in that action were: "John Doe, real name unknown; the southeast quarter of section 23, in township 33, range 15 west in Holt county, Nebraska; the Nebraska Mortgage & Investment Company; and Charles K. Collins, as receiver of the Nebraska Mortgage & Investment Company." Notice of the pendency of the action was given by publication alone. It is alleged in the petition in this case, and admitted, that the mortgage was given to the Nebraska Mortgage & Investment Company of "Fremont, Dodge county, Nebraska." If that company, or the receiver, were domiciled in this state it is not apparent that jurisdiction could be acquired by publication. It is stipulated that the defendant in this case "had no notice of actual entry of the decree, or the pendency of the suit, until after the decree was entered." He was not a party to it.

On the 18th day of September, 1902, a decree was entered finding that, by reason of the nonpayment of interest, the debt had been matured, and that more than 10 years had elapsed prior to the commencement of the suit, and the mortgage was barred and was no lien on the land. The title was quieted and the mortgage was canceled. It cannot be doubted that that decree was at best erroneous. *Lowenstein v. Phelan,* 17 Neb. 429; *Richardson v. Warner,* 28 Fed. 343. An appeal was taken from the decree to the supreme court, and was here affirmed "for want of briefs," so stipulated on the trial. In taking that appeal, defend-

ant acted as attorney for the appellants. While it is true that the statute of limitations had not run against the mortgage at the time of the commencement of that suit, nor at the time of the trial and entry of the decree, yet, if the district court acquired jurisdiction over the parties to the suit, the decree would be binding and final as to them, provided the petition stated a cause of action, and, if the mortgage was at that time held by any party to that suit, the right of defendant in this action would be foreclosed. On that question of jurisdiction we are left in darkness.

It is alleged that on the 25th day of September, 1903, "the defendant Edmund H. Benedict, claiming to have purchased the said mortgage and the obligation by it secured, commenced an action in the district court for Holt county, Nebraska, against Alexander Searl, Edwin S. Eves, Ida Eves, his wife, and the Commercial Investment Company" to foreclose the mortgage executed by Searl to the Nebraska Mortgage & Investment Company. At that time no one was in the actual possession or occupancy of the land in question. Plaintiff had no deed on file or of record; the record showing that Eves was the owner of the property. Plaintiff was not made a party to that suit. Summons were served upon Eves and wife personally, but no appearance was made by any defendant in that foreclosure proceeding, and a decree was entered foreclosing the mortgage and finding the amount due to be $2,500. That decree was entered on the 2d day of April, 1908. On the 6th day of February, 1909, defendant caused an order of sale to issue directing the sale of the property, and placed the same in the hands of the sheriff for execution, when this suit was brought enjoining the sale.

It is contended that, at the time of the commencement of the suit by plaintiff to quiet title, the mortgage was barred by limitation; that the decree canceling the mortgage and quieting title is a bar to the foreclosure and cancels the mortgage, even if the bar by limitation did not previously exist; and that defendant's foreclosure of the mortgage was a void proceeding. It is stipulated that

plaintiff had no actual notice of the foreclosure proceedings until "two or three days before" the commencement of the present suit by him, having only such notice "as the record might impute." The cause was tried upon an agreed statement of facts, apparently given orally to the court, and which falls far short of being satisfactory. The mortgage was not barred by limitation at the time of the commencement of the foreclosure suit, as 10 years had not elapsed from the maturity of the note, unless the decree quieting the title, erroneous as it was, had the effect of canceling the mortgage. This would depend upon the jurisdiction of the court over the then owner of the note and mortgage. If the Nebraska Mortgage & Investment Company, or Collins as its receiver, if he were such, was the owner, the appearance in taking the appeal to this court might cure any defect in the jurisdiction over them, but this we do not now decide. If they were not such owner, the decree quieting the title could have no effect upon the validity of the mortgage. As we have seen, it is alleged in the petition "that on the 25th day of September, 1903, the defendant Edmund H. Benedict, claiming to have purchased the said mortgage and the obligation by it secured," commenced his action to foreclose the mortgage, but we find nothing anywhere in the record showing when the mortgage and investment company disposed of the note or when he became such owner. If before the suit to quiet the title, his rights were not affected by the decree, even if otherwise valid, as he was not a party to the action.

It is apparent that plaintiff has not been barred of his right to redeem from the mortgage. As he was not a party to the decree of foreclosure, his right was not affected thereby, and he should not be required to redeem from the decree, and for this reason the question as to the amount found due in the decree being excessive is not a material one.

The decree of the district court is reversed, and the cause is remanded, with directions to that court to enter a decree permitting plaintiff to redeem the land within a rea-

sonable time by the payment of principal and interest due upon the mortgage if he elects to do so. In the event he fails to redeem within the time fixed by that court, the injunction to be dissolved.

REVERSED.