INEZ A. MOOREHEAD, APPELLEE, V. ARAH L. HUNGERFORD ET AL., APPELLANTS.

FILED MAY 15, 1923.    No. 22370.

**Mortgages:** FORECLOSURE: MATURITY OF DEBT. "A provision in a mortgage given to secure a promissory note stipulating for the payment of interest semiannually, and that, if the interest is not paid when the same is due, the whole of the debt and interest shall immediately become due and payable and the mortgage may be foreclosed, is permissive merely, and the entire debt will not become due unless the mortgagee elect so to declare by instituting an action on the note or to foreclose. See *Lowenstein v. Phelan,* 17 Neb. 429." *McCarthy v. Benedict,* 89 Neb. 293.

APPEAL from the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*J. E. Porter,* for appellants.

*Daniel F. Osgood, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., BUTTON, District Judge.

DEAN, J.

Plaintiff began this suit to foreclose a real estate mortgage, made by A. L. Hungerford and wife, to secure the payment of certain promissory notes and interest coupons thereto attached. Subsequently and some time before the suit was commenced the land was sold by the mortgagor to L. W. Graff, the principal defendant herein, and, as a part of the purchase price, he assumed and agreed to pay the mortgage indebtedness. The Hungerfords have no interest in this suit. Certain interest coupons, which were payable March 7, 1920, became delinquent, and the suit was commenced March 26 following. Plaintiff in the petition, on account of delinquency in payment of interest, declared the whole amount due and obtained a judgment for $6,983.56, that being the indebtedness represented by the notes and mortgage, with interest, the day the judgment was rendered. The defendants Graff have appealed.

When the action was tried the parties stipulated with

respect to certain material facts, which. in addition to those hereinbefore stated, in effect are that the equity of redemption was in defendant Graff; that the deed of conveyance from the Hungerfords to Graff was recorded before this suit was begun and that Graff was then in possession of the mortgaged premises; that Graff and wife were made parties defendant for the reason that plaintiff was informed they were in possession of the land; that plaintiff had no personal knowledge of the sale of the land to Graff; that no demand for payment of interest, or of any sort, was ever made upon Graff by or in behalf of plaintiff; that Graff was never notified that the notes in suit, either for interest or principal, were ever presented to the First National Bank at Crawford for payment, where by their terms they were made payable, and that Graff had no knowledge that the interest notes were due until the summons was served. Defendants Graff offered in evidence, as a part of the stipulation, a question and answer from the deposition of plaintiff, which reads: "Q. You may state if the interest payment due March 7, 1920, has ever been paid or offered to be paid? A. The interest has never been paid, that is, the notes for interest due March 7, 1920. I received a letter from some one after the foreclosure suit was commenced offering to pay the interest if I would dismiss the suit." It was stipulated that the "some one" referred to in plaintiff's deposition was written by some person in behalf of Graff.

Just before the case was closed defendants offered to pay all interest then due under the terms of the note and the interest coupons and all court costs. The offer was refused. They now contend that the trial court should have held that plaintiff was obliged to accept the offer. Under repeated decisions of this court error cannot be predicated on the court's ruling.

The suit was originally commenced May 25, 1920, and on November 15, 1920, a demurrer to the petition having been sustained, the petition was amended by

interlineation and refiled. The contract, or mortgage, between the original parties, *inter alia,* provides: "That a failure to pay any of said money, either principal or interest, when the same become due, or a failure to comply with any of the foregoing agreements, shall cause the whole sum of money herein secured to become due and collectable at once at the option of the mortgagee." The coupon bonds, or principal notes, which are secured by the mortgage, provide that, "upon any failure to pay any of said interest within five days after due, the holder may elect to consider the whole note due and it may be collected at once."

The notes and the mortgage, taken together, constitute a valid and enforceable contract. Defendants as purchasers having assumed and agreed to pay the mortgage indebtedness as a part of the purchase price were bound by the terms of the instruments which constitute the contract. The mortgage having been recorded, defendants were chargeable with notice of its provisions.

This form of contract, and the controversy arising thereunder, presents a question that is not new in this state. *Northwestern Mutual Life Ins. Co. v. Butler,* 57 Neb. 198, is a similar case, where we held that, in default in the payment of past-due interest, specific notice to the mortgagor before beginning a foreclosure suit was not necessary, commencement of the suit being sufficient notice of the mortgagee's election, or option, in the premises. In *National Life Ins. Co. v. Butler,* 61 Neb. 449, we held that, if the mortgagee so elect, he may "proceed at once, without notice, to enforce his security," and that "the commencement of a foreclosure suit is notice of his election, and no other notice is necessary." To substantially the same effect is *McCarthy v. Benedict,* 89 Neb. 293, and cases there cited. In the *McCarthy* case a rehearing was denied.

It is held generally that a stipulation in a mortgage, such as is involved here, does not create a penalty or a forfeiture, but is merely a permissive provision, and when

exercised by the mortgagee it does not cause the unpaid installments of interest to mature, nor does it cause the statute of limitations to run against the mortgage debt. 27 Cyc. 1101.

Other questions have been raised by defendants in their brief which we have considered but do not find it necessary to discuss.

Finding no reversible error, the judgment of the district court is                                     **AFFIRMED.**