CHESTER E. HILL, APPELLANT, V. HINKY-DINKY STORES COMPANY, APPELLEE.

274 N. W. 455

FILED JULY 6, 1937. No. 30070.

*Burbank & Burbank,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda*. and *Edwin Cassem, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

EBERLY, J.

This is an action for compensation under our workmen's compensation law as last amended by chapter 57, Laws 1935. This amendment of 1935 became in force and effect on May 25, 1935.

It is alleged by the claimant that on December 23, 1931, he was an employee of the Hinky-Dinky Stores Company, the defendant, and in the course of his duties he slipped and fell while descending a stairway in the building in which he was employed; that as a result of said fall plaintiff sustained personal injuries, which the petition specifically describe, and which are of such a nature as to entitle him to the benefits of the Nebraska workmen's compensation law; that as a result of the accident and injury plaintiff was temporarily totally disabled from and after the occurrence thereof up to and including the 27th day of February, 1935, a period of 169 weeks, when, it appears, disability ceased.

It appears that, before any action was instituted by plaintiff to secure a determination of the compensation to which he might be entitled, a settlement was made on March 26, 1932, between the claim agent and adjuster for the New Amsterdam Casualty Company and Chester E. Hill, plaintiff. By its terms Hill was allowed compensation in the sum of $174 (at the rate of $12 a week), which was on that day paid to him. In addition, the payment of "hospital and medical services" in the sum of $155.55, was provided for. Hill then executed "Final Report and Settlement Receipt" which was witnessed also by the attorney at law representing Hill, who was present, and who assisted in obtaining the same. This receipt recites on its face that

the amount received is "in full settlement and satisfaction of all claims for compensation under the provisions of the Nebraska workmen's compensation act on account of injuries sustained by me as a result of an accident on or about the 23d day of December, 1931, while in the employ of the Hinky-Dinky Stores." It is executed on a form provided for that purpose by the compensation commissioner, which bears on its face, in large capital letters, the warning, viz.: "Do not sign this receipt unless you intend to end payments of compensation and close the case."

In addition, the physician under whose professional charge the plaintiff had been, under date of March 30, 1932, executed and delivered to the New Amsterdam Casualty Company the "Surgeon's Final Report," which recites the payment of "total expenses for medical aid" in the sum of $152, and that the "patient (was) discharged as cured on March 26, 1932."

This apparently closed the case. However, plaintiff thereafter filed in the Nebraska workmen's compensation court a petition bearing date of January 2, 1936, and sworn to on that day, setting forth the injuries received by him on December 23, 1931, which had been the subject of the settlement of March 26, 1932, and claiming compensation therefor under the terms of the Nebraska workmen's compensation law. As tolling the statute of limitations, the petition alleges "that, within one year after the above-mentioned accident, plaintiff and defendant agreed upon the compensation payable under the Nebraska workmen's compensation law." To this petition, defendant filed a general denial, and a plea of the statute of limitations. From the determination of one of the judges of the compensation court, the defendant prosecuted an appeal to the district court for Douglas county, where, upon a trial *de novo*, judgment was entered for the defendant. Plaintiff appeals to this court.

The statute of limitations appears to be controlling in the instant case. Section 48-138, Comp. St. 1929, provides: "In case of personal injury, all claim for compensation

shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 3680 (48-139) hereof. * * * Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of one year from the time of the making of the last payment."

It is to be observed that we have no question of "latent injuries" or "legal disabilities" in the instant case. The injuries sued for are identical with the injuries embraced in the settlement. If the agreement of settlement is valid, there can be no recovery. However, it is conceded that payment of compensation was last made thereunder on the 26th day of March, 1932. If settlement agreement in this case is to be deemed void for failure of parties to strictly conform to the governing statutes, it is of no effect whatever, and, under section 48-138, Comp. St. 1929, payment of compensation having been made, said limitation took effect at the expiration of one year thereafter. *Ashton v. Blue River Power Co.*, 117 Neb. 661, 222 N. W. 42.

But appellant contends that the employer waives the statute of limitations, and is estopped from urging it as a defense, where, by his acts and conduct, he induces the employee not to bring an action under the workmen's compensation act within a year after the accident (or date of last payment of compensation). It would seem that plaintiff's pleadings do not embrace this contention. Waiving the matter of pleading, it appears that no fraud is claimed in the evidence as to the agreement of settlement of March 26, 1932, save and except that plaintiff testifies that at the time of the "settlement" the adjuster· said, "if I would settle for the amount that I had coming, and would make no further claim against them, that I would get my job back permanently." Further, after this statement, plaintiff completed the settlement and accepted the money. It appears that some years after this incident the Hinky-Dinky

Stores Company gave him temporary employment, but soon discharged him. The insurance adjuster testifies that he was the adjuster for the New Amsterdam Casualty Company, and details the conversation had at the time the negotiations were had with Chester E. Hill about the settlement of his compensation claim. He testifies, with reference to this conversation, as follows: "Q. At that time what conversation, if any, was there concerning the permanent employment of Chester E. Hill, permanent employment by Hinky-Dinky Stores of Chester E. Hill? A. There was no conversation whatsoever, to my knowledge, of any permanent employment of Chester E. Hill. Q. Did you assure Mr. Hill or Mr. Davey, or tell them, or either of them, that if Mr. Hill would execute exhibit 1, you would see that he had permanent employment by the Hinky-Dinky Stores? * * * A. I did not agree to see that Mr. Hill would receive any permanent employment at the Hinky-Dinky Stores. * * * Q. Well, did you tell them anything of that kind? A. I did not."

However, all negotiations for settlement were had between the claim adjuster of the New Amsterdam Casualty Company and plaintiff and his attorney, Mr. Davey. While the Hinky-Dinky Stores Company was a beneficiary of this agreement, it must be conceded that the casualty company was the party ultimately liable to plaintiff. The casualty company assumed this obligation by virtue of its contract of insurance.

Section 48-147, Comp. St. 1929, provides, in part: "No policy of insurance against liability arising under this act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to same all benefits conferred by this act, and all instalments of the compensation that may be awarded or agreed upon, and that the obligation shall not be affected by any default of the insured after the injury, or by any default in the giving of any notice required by such policy, or otherwise. Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation en-

forceable in his name. Every policy for the insurance of the compensation herein provided, or against liability thereof, shall be deemed to be made subject to the provisions of this act."

The first notice of injury in the present case had been turned over to its insurance carrier by the Hinky-Dinky Stores Company on its receipt, and the insurance carrier's claim adjuster remained in sole charge of the matter until the settlement was made. The testimony is that the adjuster conducted these negotiations in behalf of the New Amsterdam Casualty Company, which was the party ultimately liable for the payment for the injuries sustained. The adjuster was not an officer of the Hinky-Dinky Stores Company. He was vested with no powers whatever by the insured beyond that implied by reason of the terms of the insurance policy involved. He had no requirements to meet save and except those which his company's policy enjoined on him. He was vested with no powers to contract for employees for the insured. The plaintiff makes no claim that he advised the Hinky-Dinky Stores Company of the claimed contract of employment alleged to be binding upon it subsequent to the making thereof.

The record is barren of previous authorization conferred by the defendant on the insurance adjuster or his company to make the agreement of future employment under which plaintiff claims, and neither does it disclose that the insured had any knowledge of such claim until approximately at the time of the institution of this suit.

The fundamental principle invoked by the present situation is (even if plaintiff's evidence is to be accepted as true) : "No liability attaches to an individual for the acts of one who assumes without authority to act for him in the capacity of an agent, all elements of ratification or estoppel being absent." 3 C. J. S. Agency, sec. 234.

It follows that the evidence of plaintiff is wholly insufficient to establish facts competent to toll the statute of limitations or to support the contention of waiver or estoppel made by plaintiff.

Therefore, the judgment of the district court is correct, and it is

AFFIRMED.