UNITED BENEFIT LIFE INSURANCE COMPANY, A NEBRASKA CORPORATION, APPELLEE, V. NATHAN C. HOLMAN ET AL., APPELLANTS.

130 N. W. 2d 593

Filed October 23, 1964. No. 35720.

Ginsburg, Rosenberg & Ginsburg and Norman Krivosha, for appellants.

Fraizer & Fraizer, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, BOSLAUGH, and BROWER, JJ., and DIERKS, District Judge.

WHITE, C. J.

This is a mortgage foreclosure action. Defendants appeal from a decree of foreclosure for the full amount of the balance due, interest, and costs. The questions raised concern the effect of the acceleration clause in the mortgage and the necessity of proof that no action at law was pending to collect the mortgage indebtedness.

The defendants executed the note and mortgage in question on Lot 6, Block 6, Woodsdale, an Addition to Lincoln, Nebraska, on September 19, 1955, in the sum of $16,200. Payments were made and accepted until October 1962. The defendants were in default of the October and November 1962 payments of $136.95 each. On December 4, 1962, the plaintiff owner of the mortgage, by certified mail, notified the defendants that in accordance with the terms of the mortgage, the plaintiff United Benefit Life Insurance Company was thereby exercising its right to declare the entire loan due and payable and further gave notice that no payments would be accepted except payment of the loan in full. Subsequent tenders of payment of the delinquent monthly installments, or the aggregates thereof, were rejected by the plaintiff. On October 18, 1963, decree was entered by the court in the sum of $12,810.11, the balance due on the whole mortgage indebtedness, together with interest, and costs.

Defendants argue that the letter of December 4, 1962, was ineffective to exercise the rights of the plaintiff under the acceleration clause of the mortgage. This letter stated: "In accordance with the terms of the mortgage covering your property, *we are exercising our right to hereby* declare the entire loan due and payable. We will not accept any payments except payment of your loan in full." (Emphasis supplied.) Defendants argue that the only effective method of exercise of the option

is by bringing suit thereon, citing McCarthy v. Benedict, 89 Neb. 293, 131 N. W. 598; Moorehead v. Hungerford, 110 Neb. 315, 193 N. W. 706; Morling v. Bronson, 37 Neb. 608, 56 N. W. 205; and Wentland v. Stewart, 236 Iowa 661, 19 N. W. 2d 661, 161 A. L. R. 1206. The effect of the above holdings is that the institution of suit effectively exercises the option regardless of previous actions of the parties. This court has never held that it is an exclusive method or that it is a condition precedent to the right of exercising the option. It is clear, moreover, that mere default and the declaration thereof, does not effectively exercise the acceleration right. We think the true and correct rule is stated in 36 Am. Jur., Mortgages, § 393, p. 884, as follows: "* * * that where the acceleration of the maturity of a mortgage debt on default is made optional with the mortagee, some affirmative action must be taken by him evidencing his election to take advantage of the accelerating provision, and that until such action has been taken, the provision has no operation. The exercise of the option should be made in a manner clear and unequivocal, so as to leave no doubt as to the mortgagee's intention. The option is effectively exercised by manifesting the fact in such manner as to apprise the mortgagor."

The validity and enforceability of an acceleration clause in a mortgage, such as this, are not questioned. It is difficult to see what further action than that taken in this case could be reasonably required of a mortgagee to ripen his option into an established right.

The letter of December 4, 1962, was clear and unequivocal and left no doubt as to the mortgagee's intentions. It was effective affirmative action establishing plaintiff's right to collect the full amount due. There is no merit to this contention.

Defendants argue that they tendered the amount of monthly payments in arrears before the action was filed and this should defeat the foreclosure. After valid exercise of the right to accelerate the maturity of the

whole debt, the amount in default was the full amount due on the mortgage, and such tender is ineffective. If a default exists, and the option to accelerate is exercised by the mortgagee, the effect thereof cannot be defeated by the mortgagor without the concurrence of the holder of the mortgage. Gasper v. Mazur, 157 Neb. 857, 62 N. W. 2d 117. The exercise of the option terminates the right of the mortagor to compel acceptance by the mortgagee of the defaulted monthly payments. See, 36 Am. Jur., Mortgages, § 401, p. 888; Graf v. Hope Bldg. Corp., 254 N. Y. 1, 171 N. E. 884, 70 A. L. R. 984; Annotations, 70 A. L. R. 993, 31 A. L. R. 734.

Defendants argue a waiver of the right to foreclose because the plaintiff, over a period of years, accepted late payments. The defendants did not plead either estoppel or waiver, and the record is devoid of any evidence in this respect, except for the mortgagee's tolerance of or acquiescence in the late payments over a period of years. Defendants argue that the court should relieve against a forfeiture. Acceleration of the maturity date of a mortgage is not a forfeiture, not forbidden by statute, not contrary to public policy, and may be enforced. Matthews v. Guenther, 120 Neb. 742, 235 N. W. 98; Beisel v. Artman, 10 Neb. 181, 4 N. W. 1011. There is no merit to these contentions.

Plaintiff alleged, pursuant to the requirements of section 25-2142, R. R. S. 1943, that no proceedings at law had been had for the recovery of said mortgage indebtedness. The defendants denied this allegation. We have carefully examined the bill of exceptions in this case and there is an entire failure of proof in this respect. The witness for the plaintiff offered no testimony to support this allegation. It has been repeatedly held by this court that the allegation, although a negative one, unless admitted, must be proved in order to entitle the plaintiff to a decree of foreclosure. Beebe v. Bahr, 84 Neb. 191, 120 N. W. 1021; Jones v. Burtis, 57 Neb. 604, 78 N. W. 261; McMonies v. Lindgren, 115 Neb. 207, 212

N. W. 45; Hill v. Hinky-Dinky Stores Co., 133 Neb. 147, 274 N. W. 455; Reed v. Good, 114 Neb. 777, 209 N. W. 619.

This has long been the rule in this state. We cannot speculate as to compliance therewith. It is required by statute and the Legislature, over the years, has not seen fit to alter it. For this reason, the judgment must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.