SHELDON BUTTER & another *vs.* MELROSE SAVINGS BANK. May 27, 1982. 1. The letter from the defendant to the plaintiffs was an effective exercise of the acceleration option in the mortgage note. After stating the fact of default, the letter stated: "We, therefore, exercise the acceleration option in the mortgage and notify you that foreclosure proceedings will commence on March 18, 1981, and that the entire principal loan balance . . . together with interest, costs, and penalties will be demanded in full." Acceleration requires a positive act, *Wilshire Enterprises, Inc.* v. *Taunton Pearl Works, Inc.*, 356 Mass. 675, 678 (1970); *Strong* v. *Stoneham Co-op. Bank*, 357 Mass. 662, 667 (1970), but the act may consist of an unequivocal declaration by a mortgagee to a mortgagor that he is exercising the option. *Clay* v. *Girdner*, 103 Fla. 135, 143-144 (1931). *United Benefit Life Ins. Co.* v. *Holman*, 177 Neb. 682, 684 (1964). *State Bank* v. *First Natl. Bank*, 49 N.D. 611, 617 (1923). 55 Am. Jur. 2d Mortgages § 386 (1971). Compare *Weinberg* v. *Naher*, 51 Wash. 591, 594 (1909). Contrast *Wentland* v. *Stewart*, 236 Iowa 661, 664-667 (1945); *Union Cent. Life Ins. Co.* v. *Adams*, 169 Okla. 572, 574-575 (1934); *Joy Corp.* v. *Nob Hill No. Properties, Ltd.*, 543 S.W. 2d 691, 695 (Tex. Civ. App. 1976). The quoted language constituted such an unequivocal declaration. 2. Nothing in G. L. c. 168, § 12, requires a bank's board of investment to give advance approval to a loan acceleration, and it seems doubtful that the plaintiffs would have standing to raise the issue if it did. See *Shawmut Commercial Paper Co.* v. *Auerbach*, 214 Mass. 363, 366 (1913). 3. The judgment is reversed, and a new judgment is to enter dismissing the complaint.

*So ordered.*

*Alexander H. Pratt, Jr.*, for the defendant.
*B. Richard Pauling (Paul A. Costello, Jr.*, with him) for the plaintiffs.