836 F.2d 1130
 18 Collier Bankr.Cas.2d 291, Bankr. L. Rep. P 72,150
In re CASSIDY LAND AND CATTLE CO., INC., Debtor.
Robert F. CRAIG, Trustee of Cassidy Land and Cattle Co.,
Inc., Appellee,
v.
McCARTY RANCH TRUST, et al, Appellants.
 No. 87-1181.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 4, 1987.
Decided Jan. 12, 1988.
Rehearing Denied Feb. 10, 1988.
 
 William J. Rieb, Sioux City, Iowa, for appellant.
 Robert Craig, Omaha, Neb., for appellee.
 Before HEANEY, Circuit Judge, ROSS, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 ROSS, Senior Circuit Judge.
 
 
 1
 This matter arises out of an adversary proceeding brought by Robert F. Craig, in his capacity as trustee for the debtor/appellee, Cassidy Land & Cattle Company, Inc. (Cassidy Land) seeking to foreclose upon certain mortgages held by the bankrupt estate and executed in favor of the bankrupt by the appellant, McCarty Ranch Trust.
 
 
 2
 On July 19, 1982, appellee filed a petition for voluntary bankruptcy under Chapter 11 of the Bankruptcy Code, 11 U.S.C. Secs. 101 et seq. In January of 1982, approximately six months prior to the initiation of the Chapter 11 proceedings, Cassidy Land transferred to appellants several thousand acres of ranch land located in the Nebraska sandhills. In return McCarty Ranch Trust executed two notes and mortgages in excess of two million dollars in favor of Cassidy Land. The mortgage instruments provided for acceleration of the entire debt in the event of default. It is undisputed that at the time of the foreclosure proceeding the notes and mortgages were in default.
 
 
 3
 Subsequently, Robert Craig, as trustee for the bankrupt estate, initiated foreclosure proceedings in the bankruptcy court for the district of Nebraska against McCarty Ranch Trust. The bankruptcy court granted summary judgment in favor of Craig on March 12, 1985 and Craig proceeded with execution on his judgment of foreclosure. The appellant, Lynda Taylor, individually and as trustee for the defendant McCarty Ranch Trust, filed a motion for relief from judgment, claiming that the bankruptcy court was without jurisdiction to conduct the foreclosure proceeding. The bankruptcy court denied Taylor's motion and entered orders confirming the sale. Taylor appealed the decision to the district court for the district of Nebraska, again arguing that the bankruptcy court lacked jurisdiction to conduct the foreclosure proceeding.
 
 
 4
 Finding that the foreclosure constituted a "core proceeding" within the meaning of 28 U.S.C. Sec. 157(b), the district court, 69 B.R. 649, determined that the bankruptcy court had proper jurisdiction over the foreclosure proceeding and accordingly affirmed the bankruptcy court's ruling. Appeal to this court followed.
 
 Discussion
 I.
 
 5
 The initial issue presented by this appeal is whether a bankruptcy court has jurisdiction to conduct the foreclosure of a mortgage which is executed in favor of the bankrupt and which constitutes the sole asset of the bankrupt estate. 28 U.S.C. Secs. 1471(a) and (b) of the Bankruptcy Reform Act of 1978 (1978 Act) initially conferred upon federal district courts "original and exclusive jurisdiction of all cases under title 11," and original jurisdiction "of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Section 1471(c) of the 1978 Act then vested in the bankruptcy courts the identical broad grant of jurisdictional authority: "[t]he bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts."In 1982, the Supreme Court had the opportunity to consider the newly enacted Bankruptcy Reform Act and determined that section 1471(c) unconstitutionally delegated Article III judicial power to nontenured Article I bankruptcy judges in violation of the separation of powers doctrine. Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (Marathon ). In order to meet the challenges of the Supreme Court, Congress amended the 1978 Act by repealing the jurisdictional provisions contained in sections 1471 through 1482 and enacting the Bankruptcy Amendments and Federal Judgeship Act of 1984 (1984 Amendments).
 
 
 6
 28 U.S.C. Secs. 1334(a) and (b) of the 1984 Amendments, confers upon the federal district courts the same jurisdictional authority that they had acquired under sections 1471(a) and (b) of the 1978 Act; however, there is no longer a provision analogous to former section 1471(c). In contrast to 1471(c), 28 U.S.C. Sec. 157 of the 1984 Amendments does not give bankruptcy courts the full judicial power enjoyed by district courts under section 1334. Instead, with respect to proceedings other than the bankruptcy petition itself, section 157 divides all proceedings into two categories. Subsection 157(b)(1) confers upon bankruptcy judges the power to determine "all core proceedings arising under title 11, or arising in a case under title 11" and to enter appropriate orders and judgments. Subsection 157(c)(1), on the other hand, gives the bankruptcy judge only limited power to hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." The bankruptcy judge may hear such a related proceeding, but the judge may not enter a final judgment or order absent consent by the parties to the bankruptcy court's jurisdiction. 28 U.S.C. Sec. 157(c)(2). Instead, the bankruptcy judge is limited to submitting findings of fact and conclusions of law to the district court for de novo review of matters objected to. Id. The distinction between core and noncore proceedings is at the heart of Congress's response to the Supreme Court's ruling in Marathon.
 
 
 7
 Since the enactment of the 1984 Amendments, many courts have sought to interpret its ambiguous provisions, attempting to distinguish between proceedings that "arise in," "arise under" or are "related to" cases under title 11. We make no such comprehensive interpretation of the statute, but instead limit our analysis to the facts of this case.
 
 
 8
 In the case before us the issue is whether a proceeding initiated by the bankrupt to foreclose upon a two million dollar note secured by a mortgage, which constitutes the sole asset of the bankrupt estate, is a core proceeding within the meaning of section 157(b).
 
 
 9
 The statute does not define core proceedings; however, 28 U.S.C. Sec. 157(b)(2) does provide a nonexclusive list of proceedings designated as "core" including two "catchall" provisions, "matters concerning the administration of the estate," Sec. 157(b)(2)(A), and "other proceedings affecting the liquidation of the assets of the estate," Sec. 157(b)(2)(O). Courts have cautioned against a broad interpretation of these catchall provisions for fear of emasculating the mandate of Marathon. In re Wood, 825 F.2d 90, 95 (5th Cir.1987). Under a broad reading of section 157(b)(2)(A) and (O), even the state law contract claim at issue in Marathon would constitute a core proceeding.
 
 
 10
 Also enumerated in section 157(b)(2) is a list of more specific provisions, including "orders to turn over property of the estate." Sec. 157(b)(2)(E). A turnover proceeding is defined by the Bankruptcy Code as an action based on "a debt that is property of the estate and that is matured, payable on demand, or payable on order." 11 U.S.C. Sec. 542(b).
 
 
 11
 The mortgage in the instant case contained an acceleration clause which provided that the entire debt under the note would be due and payable in the event of a default. McCarty Ranch Trust's nonpayment of amounts owing constituted a default within the terms of the mortgage instrument and, therefore, rendered the note fully matured. See Jones v. Burr, 389 N.W.2d 289, 293 (Neb.1986) citing United Benefit Life Ins. Co. v. Holman, 130 N.W.2d 593, 595-96 (Neb.1964). It follows, then, that the foreclosure proceeding initiated by Cassidy Land amounted to an action based on the turnover of a matured debt that is the property of the bankrupt estate within the meaning of 11 U.S.C. Sec. 542(b). Given that a turnover proceeding is expressly enumerated as a core proceeding under section 157(b)(2)(E), we hold that the bankruptcy court had proper jurisdiction to conduct the foreclosure proceeding.
 
 
 12
 We note as significant the unique nature of this foreclosure and limit our holding to the facts of this case. A mortgage foreclosure can only be a turnover proceeding within the meaning of section 542(b) when the bankrupt is the holder of the note and mortgage which is sought to be foreclosed. Only then is the mortgage "property of the estate." We distinguish the case before us from the typical foreclosure associated with a bankruptcy proceeding wherein the bankrupt is the party against whom foreclosure proceedings are brought and we do not pass judgment as to whether that type of proceeding is a core proceeding.
 
 
 13
 We also note as significant the fact that the two million dollar note secured by the mortgage constitutes the sole asset of the bankrupt estate. See In re Dogpatch U.S.A., Inc., 810 F.2d 782, 785 (8th Cir.1987). Although this fact alone is not determinative of a core proceeding, we note that the prompt collection of these assets is essential to the expeditious administration of the bankruptcy proceeding. See 28 U.S.C. Sec. 157(b)(2)(A); Willis v. Ryan, 56 B.R. 204, 206 (D.Kan.1986).
 
 II.
 
 14
 Appellant also argues that the bankruptcy court exceeded its authority by appointing a receiver in the foreclosure proceeding. 11 U.S.C. Sec. 105(b) prohibits the bankruptcy court from appointing such a receiver "in a case under this title." The district court rejected appellant's argument reasoning that section 105(b) is inapplicable to the foreclosure proceeding which is not a case under title 11 but instead is an adversary proceeding brought by the trustee to foreclose a mortgage. The power of the bankruptcy judge precluded by section 105(b) of the Bankruptcy Code is the power to appoint a receiver for the estate in lieu of a trustee. In re Memorial Estates, Inc., 797 F.2d 516, 520 (7th Cir.1986). Section 105(b) is not addressed to the power of the bankruptcy court to appoint a receiver at the request of the trustee for the limited purpose of administering the mortgaged property pending disposition of the foreclosure proceeding.
 
 
 15
 We conclude, therefore, that the bankruptcy court exercised proper authority in appointing a receiver in the foreclosure proceeding.
 
 
 16
 The judgment of the district court is affirmed.