JOB P. KIRBY, APPELLEE, V. JOHN SHRADER ET AL., APPELLANTS.

FILED MARCH 22, 1899. No. 8839.

1. **Mortgage Foreclosure: PLEADING: ACTION AT LAW.** Where the answer to a petition to foreclose a real estate mortgage is a general denial, there can be no decree of foreclosure, in the absence of proof that no action at law has been brought for the recovery of the debt.

2. ——: ——: ——: **EVIDENCE.** The introduction as evidence of the note and mortgage alone is insufficient to sustain the allegation of the petition that no action has been brought at law.

APPEAL from the district court of Saunders county. Heard below before SEDGWICK, J. *Reversed.*

*Clark & Allen,* for appellants.

*Daniel F. Osgood, contra.*

NORVAL, J.

This appeal is prosecuted by the defendants from a decree foreclosing a real estate mortgage. The petition is in the usual form, and contains the allegation that no proceedings at law have been had for the recovery of the debt secured by the mortgage in question, nor any part thereof. The defendants answered by a general denial. The note, and the mortgage securing the same, together with an assignment of the mortgage by the mortgagee to the plaintiff, constituted the entire evidence adduced on the trial in the court below, and it is contended that these alone were insufficient to support the decree. The precise question was passed upon in *Jones v. Burtis*, 57 Neb. 604, in which case it was distinctly ruled that where the answer to a petition to foreclose a real estate mortgage consists of a general denial, a decree in favor of the plaintiff cannot be sustained, in the absence of proof showing that no action at law had been brought for the recovery of the mortgage debt. It is conceded by counsel for plaintiff that if the doctrine announced in the case mentioned is followed, the decree must be reversed. It is strenuously argued that *Jones v. Burtis, supra,* should be overruled, because the general denial in an answer to a petition to foreclose a mortgage does not put in issue the averment that no proceeding at law had been had for the recovery of the debt, and that the burden of establishing such allegation could be cast upon the plaintiff only by means of a special denial. An able argument was made at the bar in support thereof, which raised a doubt in the mind of the writer of the soundness of our former holding, but my associates are of the opinion that *Jones v. Burtis* was correctly decided, and the rule there announced must be regarded as the settled law of this state.

It is urged that the introduction of the note and mortgage as evidence was sufficient proof that no action at law had been instituted for the recovery of the debt, since the note contained no indorsement showing that it had ever been filed in any court. This argument is deemed unsound. Except as to justices' courts there is no statute in this state requiring that in an action brought on a promissory note that said plaintiff shall file such note in court. So that the omission of filing marks on the note in question is insufficient to sustain the allegation of the petition that no action had been brought at law. The decree is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.