EFFIE M. WOOLWORTH, APPELLEE, V. THOMAS H. SATER ET
AL., AND MATTIE BOHRER, APPELLANT.

FILED JANUARY 8, 1902. No. 10,872.

1. Foreclosure: PROOF: PETITION: PROCEEDINGS AT LAW: ISSUE: AN-
SWER. In a suit to foreclose a real estate mortgage, plaintiff is
not entitled to relief without proof to support the averment
of his petition that no suit or proceeding at law has been had
to recover the debt, or any part thereof, when such allegation
is put in issue by the answer.

2. Proceedings at Law: EVIDENCE: NOTE: MORTGAGE. The introduc-
tion of the note and mortgage in evidence is not sufficient to
sustain an allegation that no action at law has been instituted
to collect the debt.

APPEAL from the district court for Custer county.
Heard below before SULLIVAN, J. Reversed.

John N. Dryden, for appellant.

Effie M. Woolworth, for herself, Fred A. Nye and E. J.
Woolworth, with her.

NORVAL, C. J.

This appeal is from a decree foreclosing a real estate
mortgage. The petition contained the averment that no
proceedings at law have been had or commenced to collect
the mortgage debt, or any part thereof. This allegation
was put in issue by the general denial in the answer of the
defendant Mattie Bohrer. Yet plaintiff introduced no
proof to establish this essential allegation in her petition.
The decree is therefore without sufficient evidence to sus-
tain it. Jones v. Burtis, 57 Nebr., 604; Miller v. Nico-
demus, 58 Nebr., 353.

It is, however, insisted by counsel for plaintiff that, as
the note and mortgage which were introduced in evidence
do not show that they have ever been filed in any other
court or cause, it must be presumed that no suit or proceed-
ing at law had ever been had for their recovery. This argu-
ment is not convincing. No legal inference can be so

drawn from the lack of filing marks on the note and mortgage.

The decree is reversed and the case remanded.

REVERSED AND REMANDED.