WILLIAM W. CARTER ET AL., APPELLEES, V. E. O. LEONARD, TRUSTEE, ET AL., IMPLEADED WITH ALVA L. TIMBLIN, APPELLANT.

FILED JULY 22, 1902. No. 12,056.

Commissioner's opinion, Department No. 2.

1. **Statute of Limitations:** REFORMING A CONVEYANCE: DISCOVERY OF MISTAKE. The statute of limitations, does not begin to run against an action to reform a conveyance by correcting an error or omission in the description therein, until the mistake is discovered or some occasion has arisen whereby it might have been discovered by reasonable diligence.

2. ———: ———: ———: ———: THIRD PARTY. If third persons have acquired rights in the subject-matter of the suit without notice of the mistake, or of the rights of the party claiming under the instrument in which the mistake occurs, in good faith, that fact may bar the right to reformation, so far as such third persons would be affected thereby.

3. **Recital In Conveyance:** NOTICE. A recital in a deed of conveyance that it is subject to certain mortgages, described therein, is notice to all persons claiming through or under such deed of such facts as might be ascertained reasonably by investigation of the record and following up the information imparted thereby.

4. **Mortgage:** RECITAL IN DEED: NOTICE. Where a mortgage is of record, which might reasonably be taken to be one of those

referred to in such recital, one claiming through the deed is bound to inquire, and can not avoid such duty because of an error in the description, which renders it somewhat doubtful what tract is intended. *Crofut v. Wood,* 3 Hun (N. Y.), 574, distinguished.

5. ――――: ――――: ――――. Such recital is not the less **constructive** notice because contained in and a part of an agreement to pay the mortgages referred to. *Hare v. Murphy,* 60 Nebr., 135, distinguished.

6. **Reformation:** DELAY: CORRECTION: BAR: ERROR. Delay in seeking reformation by correction of such an error is no bar, unless some one has been prejudiced thereby.

7. **Foreclosure:** PLAINTIFF: PRIMA-FACIE PROOF. A plaintiff, in proceedings to foreclose a mortgage which has passed through several hands, must make prima-facie proof that no proceedings at law have been had by any of the successive holders of the lien who could have maintained them, if defendant's answer puts the statutory allegation in issue.

APPEAL from the district court for Cass county. Heard below before JESSEN, J. *Reversed.*

*Byron Clark, C. S. Polk* and *C. A. Rawls,* for appellant.

*A. M. Russell* and *Samuel Chapman, contra.*

POUND, C.

In 1891 one Josephine Clinton and her husband executed a mortgage to Benjamin A. Gibson upon a tract of 18 acres in the northeast quarter of section 2, township 10 north, range 11, in Cass county. The tract was described by metes and bounds. There was an error in the description in that the starting point was stated to be a point 40 rods south of the northwest corner of said section, which would place the tract in the northwest and not the northeast, quarter, wherein the description stated that it lay. This error was due to the omission of the word "quarter" before the word "section;" and it is apparent to any one who reads the description that if the starting point is stated to be 40 rods south of the northwest corner of said "quarter section," it correctly describes the tract in controversy, and that such tract is the only one which

can be referred to, since the description as it stands is an impossible one, and identifies nothing. The same conclusion is required by the extrinsic evidence, which shows, as did the record, doubtless, that the mortgagors owned this particular tract and none other in the section named. The mortgage was duly recorded. Afterwards, in 1892, the mortgagors conveyed the property to Inez L. Hammer and others, and this deed was recorded on March 14, 1893. Among other things, it contained the following clause: "Subject, however, to two certain mortgages to B. A. Gibson, dated May 1, 1891, one for $5,000 and one for $750, both of which the grantees herein hereby assume and agree to pay." On January 9, 1894, the grantee Hammer executed a mortgage to B. A. Gibson for $750 in renewal of a prior mortgage for the same amount, and on October 5, 1895, this mortgage for $750 was assigned by Gibson to the appellant Alva L. Timblin. Timblin testifies that at the date of the transfer he did not know of the $5,000 mortgage from Clinton to Gibson, and that Gibson represented to him that the mortgage assigned was a first lien. This action was brought by assignees of Gibson to foreclose the mortgage for $5,000, given in 1891, and to reform the description therein. The defendant Timblin filed a cross-petition for foreclosure of his mortgage. He also claimed, as against the plaintiffs, that the statute of limitations had barred all right of reformation; that he was a bona-fide holder without notice, for the reason that he had no actual notice, and the recital in the deed from Clinton to Hammer was a personal contract between the grantor and grantees, not entitled to record, and hence of no force as constructive notice; that the plaintiffs were guilty of laches in not instituting proceedings for reformation before he acquired his lien; and that on these grounds the lien of his mortgage should be preferred. Decree of foreclosure was rendered, from which Timblin appeals, raising the points already mentioned, and the further objection that there was no sufficient proof of no proceedings at law to collect the debt secured by the mortgage.

We think the contention as to the statute of limitations is unfounded, in view of *Pinkham v. Pinkham,* 60 Nebr., 600. In that case the court said that the statute begins to run only from the discovery of the mistake or of such facts as would put a person of ordinary intelligence and prudence on inquiry, which, if pursued, would lead to such discovery. There, as in the case at bar, the mistake was one of the conveyancer, and in this case it consists in the omission of one word in a very complicated description, the effect of which can scarcely be discovered except by drawing a plat and tracing the boundaries called for in the description. The tract was stated to be in the northeast corner of the section and unless a party examined the description critically, for the purpose of some proceeding under the instrument, he would not be liable, in the ordinary course of things, to notice that anything was wrong. We do not think that the mere fact that the instrument was of record was sufficient to set the statute running until some occasion arose whereby the error might have been discovered by reasonable diligence. Undoubtedly, as stated in *Pinkham v. Pinkham,* if rights of third parties had intervened, and such parties had no notice of the mortgage and took in good faith, they would be entitled to priority as against plaintiffs' claim for reformation, and as against the lien of the mortgagee. But such is not the case here.

We are satisfied that the recitals in the deed to Hammer were sufficient notice to all persons acquiring subsequent interests in the land under such conveyance. The case is not as if the mortgage referred to in the recital was entirely unrecorded. There was a mortgage of record covering a tract of eighteen acres in the northeast quarter of said section, described in all essential respects the same as that described in Timblin's mortgage, except for the omission of one word, "quarter." The record showed that the mortgage had not been paid. Any critical examination of the description would have shown at once that no other tract than the one in question could have been re-

ferred to, because if the northwest corner of the section, and not of the northeast quarter section, is taken as the starting point, the description becomes meaningless. Under these circumstances, any one who took a title derived through the deed to Hammer could see at once, by merely going over the numerical index, that there was a mortgage which probably answered the description in the recital referred to, and that it was unsatisfied. These considerations serve at once to distinguish the case at bar from that of *Crofut v. Wood,* 3 Hun [N. Y.], 571, 574, relied upon by appellant. In that case there was a recital of two mortgages, and only one was of record. No name of a mortgagee was given, and there was nothing to identify the instruments referred to in any way, except that they were liens upon the land conveyed. The court said that the recital could not be notice that the mortgage continued to be a lien, and that a person searching the title might well suppose one of them had been satisfied.

It is contended, also, that the recital in question is not to be held constructive notice, because it is coupled with and a part of a covenant to assume and pay the mortgages referred to. In support of this contention, we are cited to *Hare v. Murphy,* 60 Nebr., 135. In that case, however, attempt was made to rely upon the promise to pay a mortgage, contained in the deed or conveyance as a promise, not as a statement affecting the title, whereas here reliance is placed upon the recital in the conveyance that the conveyance itself is subject to certain mortgages. We think the distinction is manifest. A covenant to assume and pay a mortgage is nothing that affects the title, and is not within the purview of the recording act. On the other hand, recitals in the conveyance that it is subject to certain mortgages bear directly upon the title, and relate to matters which it is highly important that the record should disclose. Such recitals are notices of the facts disclosed and of all things which might reasonably be ascertained by following up the information they impart. *Hubbard v. Knight,* 52 Nebr., 400. We concur en-

tirely in the conclusion of the trial judge upon this point; and, as his finding that appellant took with notice of the prior mortgage must be approved, we need not consider the suggestion that appellees have been negligent in not discovering the error and seeking reformation at an earlier date.   Delay in such case is no bar, unless someone is prejudiced thereby.

In one respect, however, we are constrained to hold that the decree is not supported by sufficient evidence.   The answer puts in issue the statutory allegation that no proceedings have been had to collect the debt secured by the mortgage.   The mortgage, and the paper secured thereby, had passed through several hands, and proof was made only with reference to the last holders.   We do not say that any proof would be required as to those who held before proceedings could have been brought.   But at least a prima-facie case must be made as to every successive holder who could have maintained an action.   The proof with reference to the assignor of the plaintiffs is insufficient.

We recommend, therefore, that the decree be reversed, with directions to retry the issue as to other proceedings for collection of the mortgage debt, if any, and, upon proper determination of that issue, to render a decree not inconsistent herewith.   We recommend, also, that each party pay his own costs in this court.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded, with directions to retry the issue as to other proceedings for collection of the mortgage debt, and, upon proper determination of that issue, to render a judgment not inconsistent with said opinion. It is further ordered that each party pay his own costs in this court.

JUDGMENT ACCORDINGLY.