GERTRUDE McDOWELL, APPELLANT, V. JAMES T. MARKEY ET AL., APPELLEE.

FILED JUNE 20, 1906.  No. 14,393.

Mortgages: FORECLOSURE: EVIDENCE. In an action to foreclose a real estate mortgage, the plaintiff is required to allege and prove, as against the owner of the equity of redemption, that no proceedings at law have been had for the recovery of the debt secured by the mortgage.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*R. R. Dickson* and *Charles Battelle,* for appellant.

*M. F. Harrington, contra.*

JACKSON, C.

On December 11, 1902, the plaintiff instituted this action in the district court for Holt county to foreclose a real estate mortgage given March 30, 1889, to secure the payment of a promissory note payable to the Nebraska Mortgage & Investment Company April 1, 1894. The petition contains this allegation: "That there has been no action at law to collect said bond or interest, neither has any been commenced nor has the same been paid." The defendant, James F. Shoemaker, answered, admitting the

execution of the note and mortgage, and denying the other allegations of the petition. He pleads title to the real estate acquired through a judicial sale in a proceeding to foreclose a tax lien, and that in the tax foreclosure the Nebraska Mortgage & Investment Company was made a party defendant and properly served with summons; that no assignment of the mortgage had ever been recorded, and that the lien of the mortgage was divested in that proceeding. The reply put in issue the allegation of proper service on the Nebraska Mortgage & Investment Company. The finding in the district court was against the plaintiff, who has appealed.

It appears that the note secured by the mortgage was assigned soon after its execution, and later became the property of the plaintiff. No assignment of the mortgage was ever recorded in Holt county, and no notice is brought home to the plaintiff in the tax foreclosure that any one other than the Nebraska Mortgage & Investment Company had any interest in the mortgage. The mortgage company became insolvent, and its affairs were wound up by a receiver appointed in the federal court. It was a Dodge county concern, and in the tax foreclosure service was had on the receiver in Douglas county, and on the mortgage company by leaving a copy at its last place of business in Dodge county. The premises where the summons for the mortgage company was left were, at the time of the service, occupied by a jeweler, and had not been occupied by the mortgage company for some years. There is no pretence of service on any officer of the company, although the president of the company, at the time of the service, was a resident of Dodge county, and it is claimed that the service on the mortgage company was void, and therefore that the lien of the mortgage has never been divested. We do not think it necessary to determine that question. It does appear that proper service was had in the tax foreclosure on the owner of the title, and Shoemaker, who purchased at the judicial sale, acquired, at any rate, the equity of redemption.

The only evidence offered in support of the allegation that no proceedings at law had been had for the recovery of the debt secured by the mortgage is found in the testimony of the witness Meredith, who testified that the note and mortgage came into his possession for collection about the 20th or 25th of May, 1902, and that no action at law had been commenced to collect the note after it came into his possession. That, it will be observed, was more than eight years after the maturity of the note. This evidence does not meet the requirements of the statute.

It is the contention of the appellant that Shoemaker is a mere lien-holder, and that as between lien-holders no proof was required that no proceedings at law had been had for the recovery of the debt, citing our holding in *Chaffee v. Sehestedt*, 4 Neb. (Unof.) 740; but, as we have already determined, Shoemaker, on any theory of the case, was the owner of the equity of redemption, and, having denied the allegation of the petition that no proceedings had been had for the recovery of the debt, it was incumbent on the plaintiff to make proof of that fact as against him. *Pratt v. Galloway*, 1 Neb. (Unof.) 168, 172.

The decree of the district court was right, and we recommend that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.