MICHAEL LYONS, APPELLANT, v. HUGH A. ALLEN, APPELLEE.

FILED NOVEMBER 26, 1910.   No. 16,192.

Mortgages: FORECLOSURE: ALLEGATIONS AND PROOF. In an action to foreclose a real estate mortgage, the plaintiff is required to allege, and, if the allegation is denied, to prove, that no proceedings have been had at law for the recovery of the debt secured thereby, and if the mortgage, subsequent to maturity, has been owned by successive parties, the plaintiff should at least make *prima facie* proof that no such an action has been commenced by any of those persons.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*W. R. Butler* and *Sullivan & Rait,* for appellant.

*M. F. Harrington, contra.*

ROOT, J.

This is an action by the assignee of a mortgage to redeem from a tax foreclosure sale and to foreclose said mortgage. The defendant prevailed, and the plaintiff appeals.

It appears from the record that in February, 1889, Henry S. Davis, the owner of the land in controversy, executed a note to the Showalter Mortgage Company payable in five years, and to secure payment thereof executed a mortgage upon said real estate. February 11, 1902, the mortgagee assigned said note and mortgage to Ida A. Davis, and the assignment was duly recorded in January, 1905. During the year 1902 the plaintiff became

the owner of said note. In conformity with the requirements of section 850 of the code, the plaintiff alleged "that no proceedings have been had for the recovery, at law, of said debt secured by said mortgage, nor has said debt, or any portion thereof, been collected and paid." The defendant in his answer denied these allegations. The plaintiff did not appear at the trial of the case, but Mr. Butler, his counsel, testified in effect that since February, 1902, a date inferentially fixed as the commencement of the plaintiff's title to the note, no action at law had been commenced to collect the debt. No other testimony was offered upon this subject. The note is not in the bill of exceptions, nor were any indorsements thereon offered in evidence; the note matured in February, 1894, and there is no proof that, during the eight years intervening between that date and the time we may assume the plaintiff acquired title to the note, an action was not commenced thereon. The present owner of the land did not execute the note or promise to pay it, nor is the payor a party to this action.

In *Carter v. Leonard*, 65 Neb. 670, we held that where the allegation that no action at law had been commenced to collect the mortgage debt is denied in the answer, and the mortgage has been the property of several successive parties, the plaintiff should make *prima facie* proof that no action had been commenced by any of those persons. The evidence in the case at bar is almost parallel with that introduced in *McDowell v. Markey*, 77 Neb. 141, where the parties occupied practically the same relation with respect to each other as do the litigants in the case at bar. In the cited case, a judgment for the defendants was affirmed.

We should not be understood as holding that no evidence other than the testimony of every owner of the note and mortgage will suffice to prove the truth of the allegations required by section 850 of the code, but the plaintiff should at least prove facts and circumstances from which a court may reasonably deduce the ultimate facts. If the

payor of the note owns the mortgaged premises at the time the foreclosure suit is commenced, less evidence should be required to prove those allegations than in a case like the one at bar where the real estate has passed into a third person's hands without any obligation on his part to pay the mortgage debt. *McLanahan v. Chamberlain*, 85 Neb. 850. In our view of the case, it is unnecessary to discuss the assignments argued in the plaintiff's brief.

The judgment of the district court is right, and is

AFFIRMED.