GREAT WESTERN COMMISSION COMPANY, APPELLEE, v. GOTT-
LIEB W. SCHMEECKLE, APPELLANT.

FILED APRIL 15, 1916.   No. 18863.

Mortgages: FORECLOSURE: BURDEN OF PROOF. In an action to foreclose a real estate mortgage, when the allegations of the petition are denied, the burden is on plaintiff to make *prima facie* proof that no action at law has been instituted for the recovery of the debt. *Jones v. Burtis*, 57 Neb. 604.

APPEAL from the district court for Frontier county: ERNEST B. PERRY, JUDGE. *Reversed.*

*J. L. White*, for appellant.

*J. A. Williams*, contra.

LETTON, J.

This action was brought to foreclose a mortgage by Friedricke Schmeeckle and Gottlieb W. Schmeeckle on 160 acres of land. The mortgage was given to secure the payment of a promissory note for $2,700, signed by Friedricke

Schmeeckle and Gottlieb W. Schmeeckle, and payable to plaintiff. The petition is in the usual form. An answer was filed by Gottlieb W. Schmeeckle to the effect that he was not sufficiently informed as to the alleged facts, and therefore he denies each allegation in the petition contained and demands proof. No service was had on Friedricke Schmeeckle. At the trial the original mortgage was received in evidence. The plaintiff then offered the original note in evidence "for the purpose of a comparison of the signatures with the mortgage." Defendant objected on the ground that no foundation was laid. The objection was overruled. The clerk of the district court was then called, and testified that there was no other action pending in that court in which the defendants were being sued by the plaintiff. The attorney for defendant testified that Friedricke Schmeeckle was dead. He also testified that at a former hearing he had stated that defendant was ready to pay the interest, and that if plaintiff "would extend the time one year we would pay 8 per cent. interest and surrender possession without any trouble. * * * And I subsequently stated that we did not deny that we owed the debt."

This concluded the testimony. A decree of foreclosure was then rendered which contains the following finding: "The court further finds that Friedricke Schmeeckle is dead, and that before such death she conveyed all her interest in said land to her husband, Gottlieb Schmeeckle." Errors of law occurring at the trial and that the judgment is not sustained by sufficient evidence are assigned. That portion of the decree which finds that Mrs. Schmeeckle had conveyed her interest to her husband before she died is unsupported by the pleadings or the evidence. The mortgage was properly received in evidence, since, being acknowledged, it proved itself. Rev. St. 1913, sec. 6210. Construing the language of the offer of the note technically, it was offered only for the purpose of comparison of the handwriting. It is apparent, however, that counsel meant that,

the mortgage having been received, the signature of the note is to be established by a comparison with the handwriting on the mortgage. This matter is really immaterial since defendant's attorney admitted the debt in open court.

There was a failure of proof as to the fact that no other action had been brought for the recovery of the debt secured by the mortgage, except as to the court in which the action was pending. This allegation was denied in the answer. In this state of the pleadings, proof that no such action had been begun was essential. *Beebe v. Bahr*, 84 Neb. 191, and cases cited.

The heirs or representatives of Mrs. Schmeeckle were not parties to the suit. All interested parties should be brought in.

The judgment of the district court is

REVERSED.