CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

SEPTEMBER TERM, 1926

---

CLARA M. REED, APPELLEE, V. JAMES W. GOOD ET AL.,
APPELLANTS.

FILED SEPTEMBER 24, 1926.   No. 24203.

1. **Process: SUMMONS: SERVICE ON NONRESIDENT.** Before service by publication can be made on a nonresident defendant, an affidavit must be filed pursuant to section 8584, Comp. St. 1922.

2. **Mortgages: FORECLOSURE: BURDEN OF PROOF.** "In an action to foreclose a real estate mortgage, when the allegations of the petition are denied, the burden is on plaintiff to make *prima facie* proof that no action at law has been instituted for the recovery of the debt." *Beebe v. Bahr,* 84 Neb. 191.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*Allen G. Fisher* and *Samuel L. O'Brien,* for appellants.

*Lee Card, contra.*

*Lester R. Slonecker, amicus curiæ.*

Heard before ROSE, DEAN, DAY, GOOD and EBERLY, JJ., and REDICK, District Judge.

DEAN, J.

This suit was begun in the district court for Dawes county to foreclose a real estate mortgage given as security for a certain promissory note in the principal sum of $3,000 and accrued interest. Plaintiff prevailed. Defendants appealed.

James W. Good was the former owner of the land. The mortgage was executed by Mr. Good and his wife. The record discloses that, some time before this suit was brought, the mortgagors joined in a conveyance of the title to the mortgaged land to their daughter, Naomi Good Potter. Mrs. Potter and her husband, James L. Potter, had been and were residents of Woodbury county, Iowa, before and at the time the petition was filed, and were, of course, named as necessary parties defendant. In the answer defendants pleaded that "the title owner, as shown by the said petition and hereinbefore admitted, has not been made party to this action nor brought within the jurisdiction of this court, nor has she or he waived the issuance and service of summons or other process upon her or him, and thereby the said real estate has not been brought within the jurisdiction of this action, nor have such proceedings been had that this has become an action *in rem* against the real estate described in petition." Counsel prayed that the action be dismissed and for costs.

Counsel for defendants contend that the Potters, as nonresident defendants, were not regularly served with the summons which is required by section 8587, Comp. St. 1922. The statute follows:

"In all cases where service may be made by publication, and in all other cases where the defendants are nonresidents, and the cause of action arose in the state, suit may be brought in the county where the cause of action arose, and personal service of the summons may be made out of the state by the sheriff or some person appointed by him for that purpose. In all cases where service of a summons is made on a person without the state, proof of such service must be made by affidavit, stating the time and manner of service, and such service shall be made in the same manner as summonses are served on parties residing within this state."

In respect of the service and the return thereon, which is herein complained of, the record shows that the sheriff of Dawes county, by indorsement on the original summons,

which was issued under section 8587, Comp. St. 1922, and under the hand of the sheriff of Dawes county, appointed and deputized the "sheriff or any deputy sheriff of Woodbury county, state of Iowa, my agent to serve this writ. (Signed) Vet Canfield, Sheriff." C. O. Krummans, a deputy sheriff of Woodbury county, Iowa, in his return, which was verified by his oath, averred that he was "the identical person who was appointed agent by the sheriff of Dawes county, state of Nebraska, to serve the within summons," and that he served the writ on the within named Naomi Potter and her husband, James L. Potter, June 29, 1923, by delivering to each of them in Woodbury county, Iowa, a true and certified copy thereof with all the indorsements thereon.

This feature of the case is argued at great length by the respective parties. Defendants' contention is that "a definitely named individual to make service," in Woodbury county, Iowa, should have been appointed. Plaintiff's contention is to the contrary. We think that, under the statute, defendants' objection in respect of the appointment, is without merit. The name of the sheriff of Woodbury county was doubtless unknown to the sheriff of Dawes county, and likewise that of his deputies, any one of whom were presumably by virtue of their office duly qualified to serve the writ. And it might well be that the Nebraska sheriff did not know the name of any person in the Iowa county who would be a proper person for appointment to perform the required service. It follows that unless an appointing sheriff is permitted, as in the present case, to appoint the "sheriff, or any deputy sheriff," of a designated county, without naming such appointee, much delay and unnecessary inconvenience might thereby be occasioned. And, besides, a sheriff and his deputies are by training and experience, of course, well equipped in every essential respect for this vitally important class of legal service. It seems clear to us that the appointment as made by the sheriff of Dawes county, and the return indorsed thereon, both comply with the material requirements of the statute.

Defendants also contend that plaintiff did not comply with sections 8583 and 8584, Comp. St. 1922, pertaining to service upon nonresident defendants, in that he did not file an affidavit with the clerk of the district court showing that the defendants to be served are nonresidents of this state. Section 8583 designates certain classes of cases in which service by publication may be made upon nonresident defendants. And the defendants Potter, in the present case, come within this class. So far as applicable here, section 8583, Comp. St. 1922, follows: Subdivision 4 reads:

"In actions which relate to, or the subject of which is, real or personal property in this state, where any defendant has or claims a lien or interest actual or contingent therein, or the relief demanded consists wholly or partially in excluding him from any interest therein, and such defendant is a nonresident of the state or a foreign corporation."

In respect of the required affidavit, section 8584, Comp. St. 1922, specifically provides:

"Before service can be made by publication an affidavit must be filed that the case is one of those mentioned in the preceding section, and that the defendant to be served is a nonresident of this state or a foreign corporation or being a resident of this state has departed therefrom or from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons or keep himself concealed therein with like intent, or that such defendant's whereabouts, if in this state, and residence are unknown to plaintiff or person in whose behalf such affidavit is made."

Before service by publication can be made on a nonresident defendant, an affidavit must be filed pursuant to section 8584, Comp. St. 1922.

Plaintiff very properly pleaded, but entirely omitted to prove, under section 9212, Comp. St. 1922, that no "action at law or inequity has ever been brought on said note and mortgage for the recovery of any part of the principal or of the interest due thereon."

Defendants denied the allegations of the petition throughout. In *Beebe v. Bahr*, 84 Neb. 191, we held that in an action to foreclose a real estate mortgage, when the allegations of the petition are denied, the burden is on plaintiff to make *prima facie* proof that no action at law has been instituted for recovery of the debt. And we there held that such formal allegation, although negative in its nature, unless admitted, must be proved in order to entitle plaintiff to a decree of foreclosure. The *Beebe* case was cited with approval and followed in *Great Western Commission Co. v. Schmeeckle*, 99 Neb. 672.

Defendants further contend that the decree is excessive in a sum approximating $50, but, in the present state of the record, we are unable to determine the fact in respect of this assignment of alleged error with any degree of accuracy. Our attention has been directed to other like assignments which, in view of the fact that this suit is to be retried, we do not find it necessary to discuss and do not decide.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

REVERSED.