UNION CENTRAL LIFE INSURANCE COMPANY, APPELLEE, V.
ANNIE M. BURGESS, APPELLANT: WILLIAM A.
GEIGER, APPELLEE.

FILED MAY 12, 1936. No. 29667.

*R. E. Bannister* and *D. E. Harper*, for appellant.

*Frank M. Johnson, R. O. Williams, Willis R. Hecht* and *Cloyd E. Clark, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and YEAGER, District Judge.

CARTER, J.

This is an action brought by the Union Central Life Insurance Company to foreclose a real estate mortgage on 160 acres of Dawson county land. From the entry of a decree of foreclosure for the full amount of plaintiff's mortgage, the defendant, Annie M. Burgess, appeals.

Appellee first contends that the failure of appellant to file a motion for a new trial precludes this court from considering the question whether the findings and judgment of the trial court are supported by sufficient evidence. This question was well considered in *Douglas County v. Barker Co.*, 125 Neb. 253, 249 N. W. 607, wherein this court said:

"Prior to 1905, under the provisions of section 675 of the Civil Code then existing, an appeal in actions in equity was provided in which no motion for a new trial was

necessary. *Swansen v. Swansen*, 12 Neb. 210; *Smith v. Silver*, 58 Neb. 429.

"Section 1, ch. 174, Laws 1905, was next enacted, which, except as to the time limited for filing of transcript on appeal, was identical with section 20-1912, Comp. St. 1929. In construing this language, this court declared: 'To secure a review of an equity case in this court, the filing of a motion for a new trial in the court below is not required.' Further, that 'the amendment of 1905 did not change this rule.' *Ogden v. Garrison*, 82 Neb. 302. See, also, *Dodge v. Healey*, 103 Neb. 180. It follows that in the instant case, notwithstanding the absence of a motion for a new trial, the evidence contained in the bill of exceptions is properly for our consideration."

This action, being one to foreclose a real estate mortgage, is equitable in its nature and falls within the above rule. A motion for a new trial was not required to secure a review of the evidence in this court, and the contention of appellee is without merit.

The only question left for our consideration is whether the offer of settlement made by the appellee, Union Central Life Insurance Company, was accepted by the defendant, Annie M. Burgess, in such a way as to constitute a binding contract between the parties. It is not disputed that this issue was properly raised by the pleadings. Does the evidence support the finding and judgment of the trial court that there was no acceptance of appellee's offer?

The record discloses that the defendant, Annie M. Burgess, had at all times mentioned herein been the owner of the real estate given to secure appellee's mortgage, she having acquired the same by will from her deceased husband. On August 27, 1934, the taxes against the land and the interest on the mortgage had become delinquent. The Union Central Life Insurance Company, hereinafter called the insurance company, by its manager, Stanton Allen, wrote a letter to Annie M. Burgess containing the following statement: "Consequently, we would not feel justified

in accepting less than $10,500 or thereabouts at this time, and if you are in position to offer the company that much they will withdraw the foreclosure just as soon as you have a signed contract with at least $1,000 in earnest money payment to bind the contract, otherwise the foreclosure will proceed until other arrangements have been made."

On October 23, 1934, Allen wrote another letter to Annie M. Burgess in which he said: "We would not, therefore, want to drop below our offer of $10,500 but, if you want to meet us half way on it, we will give you $250 cash for a deed with possession to be given March 1, 1935, or we will take $10,500 in full settlement of the company's claim which, of course, is a very, very heavy scale down and it is only being made because of the fact that it will probably cost us about $1,000 to $1,200 in one way and another to get possession."

On October 27, 1934, Allen wrote a third letter to Annie M. Burgess, which letter is as follows:

"On August 27, I told you that we would be willing to recommend to our company that they take $10,500 in full settlement of their claim.

"Acceptance was not completed and the case is now in foreclosure.

"Then, again on October 23, in reply to your letter of October 20, I told you that we would still take $10,500 but neglected to state at that time that this would have to be for immediate acceptance. That is, we will not withdraw our foreclosure proceedings until we are paid enough cash down on this sort of a settlement to convince us that the deal is going to go through. In other words, we do not care to withdraw our foreclosure proceedings simply on the promise that you will get $10,500.

"Therefore, the foreclosure will proceed and we will take decree as soon as the district court meets in Dawson county, Nebraska, unless a definite arrangement has been made with you prior to that time and, as above stated, such arrangement would have to be accompanied by enough

cash or the proper representation by a responsible party to convince us that foreclosure need not be completed and that the deal for sale would be completed."

On November 8, 1934, Annie M. Burgess entered into a contract to sell the lands covered by the mortgage to William A. Geiger for the sum of $13,500, $1,000 of which was paid in cash and $1,500 to be paid to the insurance company as soon as the title was approved. Annie M. Burgess used the $1,000 as follows: Approximately $500 to purchase the second mortgage on the land; $307.40 to pay the delinquent taxes thereon; and $225 to pay the real estate agent's commission.

On November 12, 1934, Carl G. Yeutter, the scrivener of the contract, wrote to Allen and informed him of the whole transaction and inclosed a certified copy of the contract of sale. Yeutter also requested that the abstract of title be mailed to him in order that it might be extended and submitted to the purchaser's attorney for approval. This request was complied with.

On November 26, 1934, Allen again wrote Yeutter informing him that they were well pleased with the purchaser's responsibility and ability to pay and suggesting that, by dealing direct with the insurance company, a saving of $581 could be had by the purchaser. On November 28, 1934, Allen again wrote Annie M. Burgess that, because of her failure to immediately accept the company's offer, and "in view of the evident market value of the security," the offer was withdrawn. On December 3, 1934, Yeutter again wrote Allen advising him that the purchaser had found the abstract satisfactory and inclosing a draft for $1,500, as required by the insurance company in the offer it made to Annie M. Burgess. This draft was subsequently returned. It is not contended that the terms of the offer were not complied with other than the question of a binding acceptance.

We agree with appellee that it advised Annie M. Burgess by letter on October 27, 1934, hereinbefore quoted in full, that the offer to take $10,500 was for immediate acceptance.

But the company then proceeded to place its own interpretation upon the meaning of the term "immediate acceptance." It will be noted that, in making the explanation, the insurance company used the words "that is," "in other words" and "therefore," clearly intending to qualify the ordinary meaning of the words "immediate acceptance" as used in the letter. It was clearly the intent of this letter to define "immediate acceptance" as any time prior to the entry of a decree of foreclosure, which would be May 13, 1935. In the last paragraph thereof, the manager of the company says that the foreclosure will proceed to decree unless a definite arrangement is made *prior to that time,* which arrangement would have to be accompanied by enough cash or the proper representation of a responsible person to convince the company that foreclosure need not be completed *and that the deal for sale would be completed.* (Italics ours.) After an examination of the whole record, we are convinced that Annie M. Burgess accepted the offer within the time provided for by the offer itself. The insurance company, having qualified the meaning of the words "immediate acceptance," as contained in the offer, is bound by its action in so doing. An acceptance of the offer having been made prior to the entry of the foreclosure decree, it became a binding contract. The fact that the land had a higher value than the insurance company estimated cannot of itself justify the insurance company in not carrying out its agreement. The appellee is entitled to receive only $10,500 of the purchase price paid into court by the purchaser. The decree of the district court in other respects is correct.

The judgment of the district court is reversed and the cause is remanded, with directions to enter a decree in accordance with this opinion.

REVERSED.