IMA ELMING JONES, APPELLANT, v. JOHN VENNERBERG ET AL., APPELLEES.

274 N. W. 494

FILED JULY 6, 1937. No. 30039.

*Russell W. Bartels,* for appellant.

*H. E. Siman* and *Leslie W. Ellis, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an action for foreclosure of a real estate mortgage. In her petition plaintiff alleged, as required by statute, that no proceedings at law had been had for collection of the debt. Defendants denied that there was anything due upon the mortgage, and also denied the allegation that there had been no proceedings at law for collection of the debt. Trial of the issues resulted in a decree for defendants. Plaintiff has appealed.

The record reflects the following facts: March 2, 1925, defendants executed a promissory note for $7,000, due ten years after date, payable to one Frank Elming. This note was secured by the real estate mortgage in question upon defendants' 40-acre farm. In the summer of 1932 Elming, the mortgagee, departed this life intestate, leaving his sister, the plaintiff, as his sole heir at law. At the time of the mortgagee's death, partial payments had been made upon the note aggregating $2,500, leaving $4,500 of the principal unpaid. Plaintiff was appointed administratrix of her brother's estate.

In September, 1932, defendant Vennerberg made application to plaintiff for a reduction in the amount of the promissory note secured by mortgage. He stated that unless some reduction would be made he would not pay anything further on the note, at least until it was due in 1935, and he also indicated his willingness to surrender the farm to the plaintiff unless she would be willing to make some

reduction in the amount of the mortgage debt. It appears that after some parley a tentative agreement was reached that plaintiff would rebate $500 from the note upon condition that defendants would make substantial payments upon the note before maturity. It was agreed that on the following day, September 19, 1932, plaintiff's husband would meet Vennerberg at a bank in Wayne, when the agreement for reduction would be consummated. They met at the bank at the appointed hour, but defendant Vennerberg declined to sign the written agreement which had been prepared by plaintiff's husband. It does appear that plaintiff's husband produced the note at that time and evidently gave it into the possession of the banker, who made a credit of $500 upon the note, and at the same time Vennerberg paid $500 in cash, and another credit in that amount was also made upon the note. Plaintiff was not a witness in this case. Her husband, however, testified that he did not authorize or direct the banker to make the credit on the note. The banker testified that he was so authorized. The evidence on behalf of plaintiff was to the effect that the credit for $500 was to be made provided Vennerberg would pay the whole amount of the unpaid balance of the note on or before the 2d of March, 1933. Vennerberg denied this and said he was only to pay $500 cash at the time, and to make other payments before the note was due, as he was able. It also appears that other payments, aggregating $3,000, were made on the principal of the note long prior to maturity of the note. The final payment of principal was not made until March 8, 1935, six days after maturity of the note.

The evidence as to the 500-dollar reduction in the note is in conflict. Counsel for plaintiff now contend that plaintiff's husband was never authorized to make the credit; that, at the time, the note still belonged to the estate of the mortgagee, and that no credit, representing a reduction in the amount of the note, could have been made without authority from the county court. The evidence shows that the estate of the mortgagee was finally settled December 8,

1932, and the estate of the mortgagee is making no complaint of the credit. Plaintiff, on the 8th of December, 1932, became the sole owner, by assignment from herself as administratrix, of the note and mortgage. Certainly, the plaintiff knew that the indorsement was made upon the note at the time she, as administratrix, assigned it to herself. The record also contains a letter, written by the plaintiff under date of January 14, 1933, when she was the sole owner of the note, in which letter she stated that "in September, 1932, you were given a $500 reduction or credit at that time." The record further discloses a letter under date of February 18, 1933, over the signatures of plaintiff and her husband, and written to the banker at Wayne, in which it was stated: "Credit was given him (Vennerberg) for $500 reduction lopped off." It thus appears beyond question that plaintiff not only knew, when she took the note from the estate of her deceased brother, that the credit of $500 had been made thereon as a reduction in the note, but in the letter she acknowledged this and approved and ratified such credit.

Plaintiff contends that there was no consideration for the credit, and that the debt could not be paid by less than the full amount due on the debt.

In *Asmus v. Longenecker*, 131 Neb. 608, 269 N. W. 117, this court held: " 'A valuable consideration may consist either in some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other.' Bouvier's Law Dictionary, p. 613."

In 13 C. J. 357, it is said: "The payment of a smaller sum in satisfaction of a larger is not a good discharge of a debt. * * * This rule does not apply, however, * * * where part payment is made before the debt is due, or at another place, or in a different medium than that required by the contract." And in 13 C. J. 319, it is said: "Payment of interest in advance or before it is due is a valuable consideration. So also is the making of a payment on a promissory note before it is legally demandable." We think the

record clearly shows that there was ample consideration for the credit of $500.

Plaintiff's allegation that no proceedings at law had been had for collection of the debt secured by the mortgage was denied by defendants. Plaintiff offered no proof. This court has repeatedly held: "In an action to foreclose a real estate mortgage, when the allegations of the petition are denied, the burden is on plaintiff to make *prima facie* proof that no action at law has been instituted for the recovery of the debt." *Beebe v. Bahr*, 84 Neb. 191, 120 N. W. 1021. See, also, *Lyons v. Allen*, 88 Neb. 41, 128 N. W. 652; *Great Western Commission Co. v. Schmeeckle*, 99 Neb. 672, 157 N. W. 612; *Reed v. Good*, 114 Neb. 777, 209 N. W. 619; *Young v. Thompson*, 114 Neb. 804, 210 N. W. 407. The lack of proof in this respect is sufficient to defeat a recovery by plaintiff in this action.

The record appears to be free from error. Judgment
AFFIRMED.