BANKERS LIFE COMPANY, A CORPORATION, APPELLEE, V. RAYMOND L. PETERSON, APPELLANT, IMPLEADED WITH MARY J. PETERSON ET AL., APPELLEES.

132 N. W. 2d 377

Filed January 22, 1965. No. 35772.

Charles A. Fisher and Charles F. Fisher, for appellant.

Bump & Bump, Gordon C. Shaffer, Jr., and John B. Henley, for appellee Bankers Life Co.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. FLORY and ROBERT L. SMITH, District Judges.

SMITH, J.

A decree foreclosed a real estate mortgage. On appeal we conclude that there must be a new trial because plaintiff has not proved that no proceedings at law for recovery of the indebtedness had been had.

Plaintiff's allegation that no proceedings at law had been had for recovery of the mortgage indebtedness was required, section 25-2142, R. R. S. 1943, and was denied. A mortgagee must establish this negative averment, United Benefit Life Ins. Co. v. Holman, 177 Neb. 682, 130 N. W. 2d 593, but he may do so by circumstantial evidence. Lyons v. Allen, 88 Neb. 41, 128 N. W. 652; Nielsen v. Central Nebraska Land & Investment Co., 87 Neb. 518, 127 N. W. 897.

The bill of exceptions contains only circumstantial evidence on this point. The promissory note is unblemished by filing marks or other indication of its merger in a judgment. The parties there are litigants here. Counsel stipulated the total sum due and owing on the note and mortgage at the time of trial. Defendants offered no evidence.

The absence of filing marks on a promissory note is not alone sufficient evidence. Woolworth v. Sater, 63 Neb. 418, 88 N. W. 682; Kirby v. Schrader, 58 Neb. 316, 78 N. W. 616. Add a stipulation of indebtedness and a deficiency in proof remains. See Great Western Commission Co. v. Schmeeckle, 99 Neb. 672, 157 N. W. 612. Prima facie proof was made in the Nielsen case, *supra*, but the result was influenced by the effect of the statute of limitations upon the remedy at law—an element not present here. Plaintiff has not satisfied its burden of proof.

Plaintiff urges us to ignore this error because at the trial in the district court defendants lodged a defective motion to dismiss the cause. Without reference to the motion we find no merit in the argument. On appeal the sufficiency of the evidence to sustain the decree is attacked. A motion to dismiss is not a prerequisite to review a failure of proof. See, Union Central Life Ins. Co. v. Burgess, 131 Neb. 20, 266 N. W. 898; State ex rel. Spillman v. Citizens State Bank, 115 Neb. 271, 212 N. W. 616.

The judgment is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.

Note: Since this case was submitted, Robert L. Smith, District Judge, has become a Judge of this court.